In the Matter of JAMES F. HOWARD et al., Respondents, *v.* NELSON A. ROCKEFELLER, as Governor of the State of New York, et al., Appellants.

Third Department, February 16, 1965.

*Louis J. Lefkowitz, Attorney-General (Paxton Blair, Herbert H. Smith* and *Robert W. Imrie* of counsel), for Nelson A. Rockefeller, appellant.

*Harry Gold, Corporation Counsel,* for John J. Schwenk, appellant.

*Schick & Klein (Aaron H. Klein* and *Vernon Murphy* of counsel), for respondents.

TAYLOR, J.  Pursuant to the Charter of the City of Kingston (L. 1896, ch. 747, § 18) William Sinsabaugh was appointed to the vacancy in the office of Alderman occurring in September, 1964 for the term to expire on December 31, 1965.  At Special Term it was conceded that the charter provision is in conflict with the State Constitution (art. XIII, § 3) and that the term of office of the appointee would expire on December 31, 1964. (See, also, Public Officers Law, § 38.)  The aldermanic vacancy was not filled at the general election held in November, 1964. In these circumstances the statute empowers the Governor of the State " in his discretion " to order a special election to fill the vacancy in the office.  (Public Officers Law, § 42, subd. 3.)

We do not agree with Special Term that a court may compel by mandamus the performance by the Governor of an official act, the propriety of which rests in his absolute judgment and discretion.  (*People ex rel. Broderick* v. *Morton,* 156 N. Y. 136; *Matter of Nistal* v. *Hausauer,* 308 N. Y. 146, 152–153, cert. den. 349 U. S. 962; *Gaynor* v. *Rockefeller,* 21 A D 2d 92, 98, affd. 15 N Y 2d 120.)  *Matter of Mitchell* v. *Boyle* (219 N. Y. 242) is distinguishable.  There, the central issues presented were when and how a vacancy in the office of Sheriff of Queens County should be filled.  Former section 292 of the Election Law, of which subdivision 3 of section 42 of the Public Officers Law is a substantially verbatim restatement, was construed to be " really mandatory " under the circumstances of that case upon the rationale that the statutory words " in his discretion " could not prevail against the command of section 1 of article X of the Constitution (now art. XIII, § 13, subd. [a]) that a vacancy in the office of Sheriff shall be filled by election " as often as vacancies shall happen."  We find no such constitutional mandate in respect to filling a vacancy in the office of a city alderman.

It is urged by appellants that an appointment to fill the " new " vacancy occurring on January 1, 1965 because of the expiration of Sinsabaugh's term of office on December 31, 1964

is within the scope and theory of the State Constitution (art. XIII, § 3) which provides that no person appointed to fill a vacancy in an elective office shall hold the office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy. (See 1962 Op. Atty. Gen., 293–294.) This argument, however, overlooks the circumstance that the instant vacancy dated from September, 1964 and not from January 1, 1965. In our view successive appointments, the second following in time the first annual election after the vacancy occurred, would contravene the constitutional plan and intendment. It follows that Special Term correctly enjoined appellant Mayor from making a further appointment under the local charter. (*Matter of Policemen's Benevolent Assn. of Westchester County* v. *Board of Trustees of the Vil. of Croton-on-Hudson,* 21 A D 2d 693 and cases cited at p. 694.)

The judgment should be modified by reversing so much thereof as directed the Governor to issue a proclamation announcing a special election to fill the office of Alderman of the Fifth Ward of the City of Kingston and, as so modified, affirmed, without costs.

GIBSON, P. J., REYNOLDS, AULISI and HAMM, JJ., concur.

Judgment modified by reversing so much thereof as directed the Governor to issue a proclamation announcing a special election to fill the office of Alderman of the Fifth Ward of the City of Kingston and, as so modified, affirmed, without costs.