In the Matter of RUSSELL W. WILLIAMS, Individually and as Chairman of the ONEIDA COUNTY BOARD OF LEGISLATORS, Respondent, v WILLIAM E. BRYANT, Oneida County Executive, Appellant.—Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: Appellant is the elected County Executive of Oneida County. After assuming office January 1, 1972 he appointed various department heads and their appointments were confirmed by the County Board of Legislators. His elected term expired December 31, 1975 and he was re-elected to a second four-year term which commenced January 1, 1976 and which he is presently serving. When he commenced his second term of office, he did not reappoint the department heads. Petitioner brings this proceeding individually and in his official capacity as Chairman of the Oneida County Board of Legislators to compel appellant to submit appointments of the department heads to the Board of Legislators for confirmation. The specific offices which are the subject of this proceeding are County Attorney, Commissioner of Finance, Commissioner of the Airport, Commissioner of Plowing, Commissioner of Mental Health and Commissioner of Public Works. The offices are presently held by appointees of appellant designated by him and confirmed by the Board of Legislators when he commenced his first term of office in 1972. He denies any necessity for reappointment of the incumbents upon his commencing a new term of office. Special Term granted the petition and ordered the County Executive to submit the names of his appointees to the Board of Legislators for confirmation. Idiosyncratically, the county's organic laws give the Board of

Legislators a practical veto over both the appointment and removal of the County Executive's department heads. Thus, pursuant to similar provisions of the Oneida County Charter (§ 311) and the Oneida County Administrative Code (§ 311), insofar as they apply to the offices in question, the County Executive is authorized to appoint "the heads of every county department and office * * * not administered by any elected official. The county executive may appoint one head for two or more departments or other administrative units, subject to any and all requirements as to qualifications and confirmation, or may himself so serve without confirmation". The appointees do not serve at the pleasure of the appointing authority, however, but for a fixed term of office, the expiration of which coincides with the expiration of the term of the elected County Executive. Only the County Executive may request removal of his appointees but he may not remove them during their term of office except upon stated charges. If the County Executive requests removal, the department head is entitled to a hearing before a Board of Review comprised of five members of the County Board of Legislators, a majority of which must vote in favor of removal (Oneida County Charter, § 311, subd [h]). By operation of law, the terms of office of the various department heads appointed during appellant's first term of office expired December 31, 1975, at the end of his term. However, sections 311 of both the charter and the code contain similar language which provides that "unless removed he [the appointee] shall continue to serve until his successor is appointed and has qualified". Since the County Executive has not requested removal of any of the incumbents and successors have not been appointed and qualified, the incumbents are lawfully performing their functions as hold-over appointees at the present time. They may continue to do so until they are legally removed or until their successors are appointed by the County Executive, confirmed by the Board of Legislators, and qualified. Petitioner's right to obtain an order of mandamus rests in the sound discretion of the court (23 Carmody-Wait 2d, § 145:82) and the court's power should be exercised cautiously when to do so will interfere with the functions of coequal branches of government. When the relief requested will be of questionable efficacy and where the act ordered is one that lies within the discretionary power of the executive's office, the petition should be denied (see *Matter of Walsh v La Guardia,* 269 NY 437; *Matter of Posner v Levitt,* 37 AD2d 331; *Matter of Howard v Rockefeller,* 22 AD2d 479, mod on other grounds 15 NY2d 927; *Matter of International Ry. Co. v Schwab,* 203 App Div 68). In the case of a re-elected County Executive, the reappointment of incumbents serves little purpose, for if the County Executive resubmits the names of the incumbents to the Board of Legislators, as ordered by Special Term, the incumbents will continue in office as hold-over appointees even if the Board of Legislators refuses to reconfirm the appointments. Under the circumstances presented in the case, Special Term's order was an improvident exercise of its discretion. (Appeal from judgment of Oneida Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.