■ In the Matter of THEODORE BELLI, Appellant, v SANFORD R. BERMAN, Respondent. [635 NYS2d 282] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent to hold a hearing pursuant to Social Services Law § 422 (8) (b) (i) to consider his request to expunge a report contained in the Registry of Child Abuse and Maltreatment, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Amodeo, J.), dated January 6, 1993, which dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the respondent's contention, a proceeding pursuant to CPLR article 78 in the nature of the mandamus is the proper vehicle for the petitioner to compel the respondent to hold a hearing pursuant to Social Services Law § 422 (8) (b) (i) (*see, Klostermann v Cuomo*, 61 NY2d 525, 540; *Matter of Utica Cheese v Barber*, 49 NY2d 1028; *Clove Lakes Nursing Home v Whalen*, 45 NY2d 873, 875-876). "Although an article 78 [proceeding] in the nature of mandamus is based upon legal considerations[,] its exercise lies in the discretion of the court in light of equitable principles" (*Matter of Crane Co. v Anaconda Co.*, 39 NY2d 14, 18; *see also, Matter of Williams v Bryant*, 57 AD2d 717, 718). Mandamus will not issue unless the right that it seeks to enforce is clear. However, it does not necessarily issue upon the mere establishment of a right (*see, Towner v Jimerson*, 67 AD2d 817, 818).

We find no compelling reason in favor of directing the respondent to hold a hearing before the petitioner's release from prison, and the respondent has valid time, expense, and security reasons for not holding a hearing at the correctional facility where the petitioner is currently incarcerated. Additionally, since the petitioner was convicted after a nonjury trial of sexually abusing the daughter who is the subject of the report that the petitioner seeks to expunge from the Registry of Child Abuse and Maltreatment, it is unlikely that the petitioner will prevail at the administrative hearing. Miller, J. P., Pizzuto, Joy and Goldstein, JJ., concur.