▮ In the Matter of CARLOS DAVILA, Appellant, v BRIAN WING, as Commissioner of the New York State Office of

Temporary and Disability Assistance, et al., Respondents. [718 NYS2d 109] —Mercure, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered March 28, 2000 in Albany County, which, *inter alia,* converted petitioner's application, in a proceeding pursuant to CPLR article 78, into an action for a declaratory judgment and directed respondents to hold a hearing.

While petitioner was on parole from his conviction for manslaughter in the first degree, his name was placed on the State Central Register of Child Abuse and Maltreatment (hereinafter Central Register) based upon a report that he sexually abused an 11-year-old girl. Petitioner was convicted of a misdemeanor in connection with the sexual abuse and, as a result, his parole was revoked and a maximum expiration date of January 14, 2005 was established. Petitioner subsequently requested that the report bearing his name be expunged from the Central Register. Prior to a determination on the request, however, petitioner commenced this CPLR article 78 proceeding in the nature of mandamus to compel respondents to expunge his name from the Central Register. Finding that petitioner was not automatically entitled to an order expunging the report, Supreme Court converted the proceeding into an action for a declaratory judgment and declared, *inter alia,* that petitioner was entitled to an administrative hearing to address the issue of expungement but that the hearing need not be held until after petitioner's release from prison. Petitioner appeals.

Petitioner argues that the delay in holding an administrative hearing on his request for expungement until after his release from prison violates his constitutional rights and the hearing requirements of Social Services Law § 422 (8) (a) (i) and (b) (i). We are not persuaded. Contrary to petitioner's contention, those statutory provisions merely require that an administrative hearing be scheduled in the event that a request for expungement is not granted within 90 days of its receipt and do not mandate that the hearing actually be held within that 90-day period. Moreover, respondents have expressed valid time, expense and security considerations favoring the postponement of the hearing while petitioner is incarcerated. It is noteworthy that petitioner's misdemeanor conviction arising from his abuse of the child who is the subject of the report renders it improbable that petitioner would ultimately prevail on his request for expungement. In light of respondents' legitimate interests in delaying the hearing and the unlikelihood of petitioner's success on the merits, there is no compelling rea-

son to require respondents to hold a hearing on petitioner's request prior to his release (*see, Matter of Belli v Berman*, 222 AD2d 582, 583). We therefore find no reason to disturb Supreme Court's judgment.

Petitioner's remaining contentions have been examined and found to be without merit.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.