■    TERRY L. TOWNER, Appellant, v EDWIN JIMERSON, as Superintendent of Highways of the Town of Hornby, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: Appellant, the owner of real property in the Town of Hornby, made written application to respondent pursuant to section 300 of the Highway Law to lay out a private road over lands owned in part by the State of New York Department of Environmental Conservation (DEC). Upon receipt of the application the town superintendent of highways is required to appoint a day for the selection of a jury who will determine the necessity of the road and assess the damages by reason of its opening (Highway Law, § 301). Respondent refused to commence the proceedings, claiming that the State lands have been used, designated and set off for reforestation and recreational use and that the provisions of the Highway Law for the establishment of a private road are not applicable to State lands devoted to public use. Appellant instituted this CPLR article 78 proceeding in the nature of mandamus seeking a judgment directing respondent to proceed in accordance with section 301 of the Highway Law and appeals from a judgment of Special Term denying his application for relief. The question for resolution is whether the fact that a portion of the proposed private highway crosses land owned by the State relieves respondent from complying with section 301 of the Highway Law. We hold it does. First of all, the State of New York is not specifically mentioned in the Highway Law sections dealing with private roads or included by necessary implication (Highway Law, §§ 300-315). For example, the statute provides for service of notice of the application upon "persons" (Highway Law, § 303). A statute does not apply to the State where its sovereign rights, prerogatives or interests are involved, unless it is specifically mentioned therein or included by necessary implication. The word "person" does not in its ordinary or legal signification embrace a State or government (McKinney's Cons Laws of NY, Book 1, Statutes, § 115; General Construction Law, § 37; Saranac Land & Timber Co. v Roberts, 195 NY 303, 323). Second, this land is in the care and control of the DEC (ECL, § 9-0105).

Since it was acquired for reforestation (as the appellant concedes in his argument before the court), it must be "forever devoted" to this purpose (ECL, § 9-0501). Certainly, the use proposed in appellant's application is not consistent with this statutory directive. Third, the Office of General Services has the general care and superintendence of all State lands. Rights and easements in perpetuity or otherwise in and to all State lands may only be granted by the Commissioner of General Services.. However, where the superintendence of State lands is vested in a State department (e.g., the DEC), the commissioner may grant these rights and easements only upon written request of the department (Public Lands Law, § 3, subd 2). In short, sections 300 to 315 of the Highway Law are not applicable to land owned by the State and devoted to public use (see 1977 Atty Gen [Inf Opns] 211). The granting of CPLR article 78 relief is discretionary and should be denied if there is any doubt of its necessity or propriety (see, generally, 23 Carmody-Wait 2d, NY Prac, §§ 145:79, 145:82). Although mandamus will not issue unless the right which it is designed to enforce is clear, it does not follow that it necessarily issues upon the mere establishment of this right. There may be considerations calling for denial of the relief in the exercise of the court's discretion, which may be based upon impossibility of obedience or futility of performance (see *People ex rel. Robinson v O'Keefe,* 100 NY 572 [mandamus will not issue to compel payment of a claim where fund is depleted rendering it impossible for the city to pay debt]; *Matter of Lynch v O'Leary,* 166 Misc 567 [city clerk not compelled to transmit an ordinance to the city council which would be void if it were adopted, since it would require him to perform a meaningless act for which mandamus is never granted]; 23 Carmody-Wait 2d, NY Prac, §§ 145:93, 145:94). There is no question that respondent's duty is ministerial in character and normally its performance when refused would be compelled by mandamus. Here, however, respondent's refusal to appoint a day for the selection of a jury is justified and is not arbitrary or capricious because any subsequent determination of the jury would be a futile and irrelevant act; their determination would not be enforceable against the State. Special Term did not abuse its discretion in dismissing appellant's petition. (Appeal from judgment of Steuben Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Dillon, Schnepp and Witmer, JJ.