Andrew C. Ingraham, Jr., Esq. Town Attorney, East Hampton
Your town has acquired scenic easements in land in accordance with the provisions of section 247 of the General Municipal Law. You ask whether private roads may be established through the land subject to these scenic easements by private condemnation under sections 300 etseq. of the Highway Law.
Local governments are authorized to acquire interests in real property for the preservation of open spaces and areas (General Municipal Law, § 247).
Sections 300 et seq. of the Highway Law establish a procedure whereby a private road may be laid out for the benefit of private property owners. The procedure is commenced by application to the town superintendent of highways and includes a determination of whether the proposed road is necessary and of the damages payable to the owners of land through which the road would pass (ibid.). These owners are referred to as "persons" (id., §§ 303 and 308).
It has been decided that sections 300 et seq. of the Highway Law do not apply to land owned by the State (Towner v Jimerson, 67 A.D.2d 817 [4th Dept, 1979]). "A statute does not apply to the State where its sovereign rights, prerogatives or interests are involved, unless it is specifically mentioned therein or included by necessary implication" (ibid.). In the context of the statute the word "persons" does not embrace a State or government (ibid.). We believe that sections 300 et seq. do not apply to the property interests of municipalities for the same reasons. In our view, the sovereign property rights of a municipality are not subject to private condemnation, without specific reference in the statute to municipalities (cf. Towner v Jimerson, supra).
The acquisition of land by a local government for the preservation of open spaces and areas is declared to be a public purpose (General Municipal Law, § 247[2]). Generally, public land should not be sold or leased except upon a finding by the legislative body that it is no longer needed for public use (Informal Opinion of the Attorney General No. 81-37). It would be inconsistent with this principle to hold, without specific statutory language, that municipal land devoted to a public use is subject to private condemnation.
We conclude that property interests of municipalities are not subject to private condemnation under sections 300 et seq. of the Highway Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.