Timothy L. BARR, John J. Battaglia, Mark Brown, Chris Ferragonio, Craig P. Fraser, Matt Fraser, Ivan Glenz, Justin Haffey, Steve Hall, Dustin Huff, Joseph A. Kanai, Michael Keally, Stephen E. Kusma IV, William J. Latuszewski, John Kurt Leitschaft, Bob Masilon, Michael Matzie, Alexis M. Miller, Joseph A. Musser, Timothy Poland, Brian A. Sales, Matthew J. Temple, Torie Tyson, Jared Unen, Dale A. Valenson, Mark C. Williams and Amy M. Zimmel

v.

**COMMUNITY COLLEGE OF BEAVER COUNTY,**
Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 15, 2008.

Decided Feb. 11, 2009.

Anthony G. Sanchez, Pittsburgh, for appellant.

Mark Fischer and Thomas S. Anderson, Pittsburgh, for appellees.

BEFORE: LEADBETTER, President Judge, and McGINLEY, SMITH–RIBNER, PELLEGRINI, SIMPSON, LEAVITT and BUTLER, JJ.

OPINION BY Judge SIMPSON.

In this interlocutory appeal by permission, the Community College of Beaver County (the College) appeals an order of the Court of Common Pleas of Beaver County (trial court) denying its motion for partial summary judgment. Twenty-seven former students (Plaintiffs)[1] enrolled in

1. Plaintiffs are Timothy L. Barr, John J. Battaglia, Mark Brown, Chris Ferragonio, Craig

the College's police technology program (the Academy) during the 2001–02 academic year, brought a civil action against the College after the Academy lost its school certification under the Municipal Police Officers Education and Training Act (Training Act), 53 Pa.C.S. §§ 2161–70, informally known as "Act 120." Plaintiffs' first amended complaint alleges breach of contract and breach of warranty, and that the College engaged in various unfair or deceptive acts as defined in the Unfair Trade Practices and Consumer Protection Law (CPL).[2] For the reasons that follow, we reverse the order of the trial court and enter partial summary judgment against Plaintiffs' CPL private action claims.

**I.**

In May 2002, before Plaintiffs completed the Academy's course of study, the Pennsylvania Municipal Police Officers' Education and Training Commission (Training Commission) suspended the Academy's Act 120 certification. The Training Commission based the suspension on numerous violations, including the Academy's failure to accurately document student examination scores and the failure of Academy instructors to be properly certified to teach various classes. The Training Commission officially revoked the Academy's Act 120 certification in August 2002.

Thereafter, Plaintiffs filed a civil action against the College that alleged as follows. In its 2000–01[3] course catalog, the College expressly represented, warranted and guaranteed the Academy to be a Training Commission certified course of study. These express representations, warranties and guarantees were made to induce, and did induce, Plaintiffs to enroll in the Academy. Plaintiffs paid tuition, attended the required courses and took examinations.

However, due to numerous violations of the Training Act and its regulations,[4] the Training Commission ultimately revoked the Academy's certification. As a result, the Training Commission disallowed most of the credits Plaintiffs earned at the Academy. Consequently, Plaintiffs must repeat virtually all of the Act 120 course requirements at another police academy and pay tuition.

In odd-numbered counts of their amended complaint titled "Breach of Contract and Warranty," each Plaintiff alleged the College breached its contractual warranties and guarantees to Plaintiffs by, among other things, failing to provide a police academy consistent with the requirements of the Training Act. Plaintiffs alleged damages included loss of tuition; loss of income; and loss of job opportunities and the income associated therewith.

P. Fraser, Matt Fraser, Ivan Glenz, Justin Haffey, Steve Hall, Dustin Huff, Joseph A. Kanai, Michael Keally, Stephen E. Kusma IV, William J. Latuszewski, John Kurt Leitschaft, Bob Masilon, Michael Matzie, Alexis M. Miller, Joseph A. Musser, Timothy Poland, Brian A. Sales, Matthew J. Temple, Torie Tyson, Jared Unen, Dale A. Valenson, Mark C. Williams and Amy M. Zimmel. This appeal was argued seriately with *Meyer v. Community College of Beaver County*, 965 A.2d 406 (Pa.Cmwlth. 2009). The only significant difference between the two cases is that Plaintiffs here virtually completed their entire course of study. The *Meyer* plaintiffs com-

pleted approximately one half of their course of study.

2. Act of December 16, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201-1—201-9.3.

3. Although Plaintiffs attended the Academy during the 2001–02 school year, the College provided them with 2000–01 catalogs. The College did not receive its 2001–02 catalogs until October 2001. *See* App. to the College's Br. in Supp. of Mot. for Summ. J., Tab 26 (Dep. of Harriet Ann Wallace at 3).

4. *See* 37 Pa.Code §§ 203.1—203.103.

In even-numbered counts of their amended complaint titled "Consumer Protection Law," Plaintiffs alleged their purchase of education services constituted a transaction in "trade" or "commerce" as defined in Section 2(3) of the CPL and the College is a "person" as defined in Section 2(2) of the CPL. Plaintiffs further alleged the College engaged in unfair or deceptive conduct as defined in Sections 2(4)(ii), (iii), (v), (vii), (xiv) and (xxi) of the CPL[5] in violation of Section 3 of the CPL, 73 P.S. § 201–3 (unfair methods of competition and unfair or deceptive acts or practices as defined in Section 2(4) of the CPL declared unlawful). Plaintiffs alleged substantial economic losses as a result of the College's violations of the CPL. They also sought treble damages and an award of costs and attorney fees under Section 9.2 of the CPL.[6]

After the close of pleadings and discovery, the College filed a motion for partial summary judgment requesting dismissal of Plaintiffs' CPL and breach of warranty claims. The College also sought dismissal of Plaintiffs' "loss of income" damage claims under breach of contract and breach of warranty. As to the breach of warranty claims, the College argued that Plaintiffs failed to offer sufficient proof to support their claims. Relevant to this appeal, the College argued the CPL does not apply to community colleges and, as a local agency, a community college is immune from CPL claims under 42 Pa.C.S. § 8541.

Ultimately, the trial court denied the College's motion for partial summary judgment. The trial court rejected the College's assertion the CPL does not apply to community colleges. It further rejected the College's immunity defense on the basis that some of Plaintiffs' CPL claims sound in contract, not in tort.

The trial court also cited several cases in support of its decision. *See Cavaliere v. Duff's Business Institute*, 413 Pa.Super. 357, 605 A.2d 397 (1992) (breach of contract action may lie in case where school falsely asserts it is accredited or licensed to give a certain degree); *Swartley v. Hoffner*, 734 A.2d 915 (Pa.Super.1999) (relationship between private college and student is contractual in nature; student may bring cause of action for breach of contract where college ignores or violates written contract); *Beljan v. Bucks County Cmty. Coll.*, 11 Pa. D. & C.3d 786 (C.P. Bucks Co. 1979) (plaintiff, a nursing student, failed to

---

5.  Section 2(4) of the CPL, 73 P.S. § 201–2(4) provides:

    (4) **"Unfair methods of competition"** and **"unfair or deceptive acts or practices"** mean any one or more of the following:
    . . . .
    (ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;
    (iii) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;
    . . . .
    (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;
    . . . .
    (vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;
    . . . .
    (xiv) Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made;
    . . . .
    (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

6.  Section 9.2 of the CPL was added by the Act of November 24, 1976, P.L. 1166, *as amended*, 73 P.S. § 201–9.2.

set forth a cause of action against a community college for breach of contract based on the school's alleged failure to implement rules and regulations promulgated by the State Board of Nursing Examiners).[7] The trial court explained:

> The common denominator of all these cases is the allegation that the Defendant-school committed a breach of any of the terms and conditions of the catalog of the Defendant.
>
> [The College] alleges in its motion of summary judgment that:
>
> 1. There was no college catalog for the school year of 2001–2002 upon which the Plaintiffs could rely upon;
>
> 2. The 2001–2002 catalog contains no guarantees or warranties;
>
> 3. [Plaintiffs] did not rely upon any representation contained in the college catalog.

Trial Ct. Slip Op., 05/12/08 at 4–5.

In denying the College's motion for partial summary judgment, the trial court reasoned (with emphasis added):

> The party opposing a motion for summary judgment must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. *In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist.*

Our courts have been reluctant to recognize claims of educational malpractice in the academic environment but they have recognized that a contract exists between a student and a college. *The courts have held that in general, the basic relationship between a student and a private university or college is contractual in nature. The catalogs, bulletins, circulars, and regulations of the institution made available to the matriculant become part of the contract. Questions of discipline, academic matters, and tuition and scholarship disputes have been addressed by courts and resolved on contract principles.* At the same time, however, courts have been reluctant to apply strict contract concepts to the unique relationship that exists between students and universities or colleges.

*Id.* at 5.

In response to the denial of its motion, the College filed a motion to amend the order to certify for an interlocutory appeal of the following two issues: whether the College is a "person" as defined in Section 2(2) the CPL inasmuch as a community college, a distinct public entity, is not specifically identified as a person in the CPL; and whether the College is subject to prosecution under the CPL regardless of tort immunity defenses afforded a local agency under 42 Pa.C.S. § 8541. The trial court granted the College's motion. This Court granted the appeal.[8]

---

7. The trial court further cited an Ohio case, *Behrend v. State*, 55 Ohio App.2d 135, 379 N.E.2d 617 (1977), *appeal after remand*, 1984 WL 7633 (Ohio Ct.App. 10th Dist. Franklin County 1984), as being similar. In *Behrend*, the Ohio Appeals Court, reversing the court of claims for the fourth time, found an implied contract exists between Ohio University and its architectural students that the students would be provided architectural training. Because the school decided to discontinue the program, the court determined the contracts should either be fulfilled or damages awarded.

8. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion. *Kincel v. Dep't of Transp.*, 867 A.2d 758 (Pa. Cmwlth.2005).

## II.

In its first argument, the College advances several reasons it is not included in the CPL's definition of "person" in Section 2(2) of the CPL, 73 P.S. § 2–201–2, which provides (with emphasis added):

> "**Person**" means natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, *and any other legal entities.*

As we stated in the companion case of *Meyer v. Community College of Beaver County,* 965 A.2d 406 (Pa. Cmwlth. 2009), we need not decide this issue to dispose of this appeal. This is because we conclude the College is immune from liability for statutory damages under the private action provision of the CPL, as discussed more fully below.

In its second argument, the College advances several reasons why the trial court erred in concluding that claims under the CPL may sound either in tort or in contract and that the College is subject to prosecution under the contract branch of the CPL regardless of tort immunity afforded a local agency under 42 Pa.C.S. § 8541.

In *Meyer,* we addressed the identical arguments presented here. We determined that Plaintiffs' claims under the private action provision of the CPL are statutory in nature, and they are not premised on negligent acts within any of the exceptions to governmental immunity set forth in 42 Pa.C.S. § 8542(b). The College is therefore immune from private action claims under the CPL. *Meyer,* at 412–13. We also determined the College, as a local agency, could not be liable to Plaintiffs for treble damages under the CPL because it retained immunity for the types of conduct needed to support such an award. *Id.* at 413–14. Consequently, we held the College is entitled to partial summary judg-ment on Plaintiffs' CPL private action claims as a matter of law.

In accord with our holdings in *Meyer,* which are controlling here, we reverse the order of the trial court denying the College's motion for partial summary judgment.

Judge BUTLER dissents.

### *ORDER*

AND NOW, this 11th day of February, 2009, for the reasons stated in the foregoing opinion, the order of the Court of Common Pleas of Beaver County in the above-captioned matter is **REVERSED** insofar as it relates to private action claims under the Unfair Trade Practices and Consumer Protection Law, and **PARTIAL SUMMARY JUDGMENT** is entered in favor of the Community College of Beaver County and against Appellees on private action claims under the Unfair Trade Practices and Consumer Protection Law.

Jurisdiction is relinquished.