■ In the Matter of JOHN LEONARD, Appellant, v WILLIAM MASTERSON et al., Respondents, et al., Respondent/Defendant. [896 NYS2d 358]—

In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent/defendant William Masterson, Superintendent of Highways of the Town of Southampton, to commence proceedings pursuant to Highway Law § 300 *et seq.* to determine the petitioner/plaintiff's application for a private road, and action for a judgment declaring that the respondents/defendants Town of Southampton and William Masterson, Superintendent of Highways of the Town of Southampton, may not refuse to commence proceedings pursuant to Highway Law § 300 *et seq.* as requested by the petitioner/plaintiff and that the Town of Southampton and William Masterson, Superintendent of Highways of the Town of Southampton, do not need the express approval of the County of Suffolk in order to do so, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered August 14, 2008, which, upon a decision of the same court dated January 10, 2008, denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by adding a provision thereto dismissing, as academic, so much of the second cause of action as sought a judgment declaring that the respondents/defendants Town of Southampton and William Masterson, Superintendent of Highways of the Town of Southampton, do not need the express approval of the County of Suffolk to commence proceedings in connection with the petitioner/plaintiff's application for a private road; as so modified, the judgment is affirmed, with one bill of costs to the respondents/defendants-respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on so much of the second cause of action as sought a judgment declaring that the respondents/defendants Town of Southampton and William Masterson, Superintendent of Highways of the Town of Southampton, may not refuse to commence proceedings pursu-

ant to Highway Law § 300 *et seq.* as requested by the petitioner/plaintiff, and the entry thereafter of an appropriate amended judgment, if warranted.

The petitioner/plaintiff, John Leonard, owns a parcel of real property in the Town of Southampton. The parcel is almost entirely surrounded by property owned by the County of Suffolk; the remainder adjoins property owned by private citizens who are not parties to this appeal. In order to obtain access to a public road from his parcel, Leonard applied to the Town's Superintendent of Highways (hereinafter the Superintendent) pursuant to Highway Law § 300 *et seq.* to establish a private road over land owned in part by the County. After determining that the County opposed the application, the Superintendent refused to act on it. Leonard commenced this hybrid proceeding in the nature of mandamus to compel the Superintendent to act on the application and action, inter alia, for a judgment declaring that the Superintendent may not refuse to act on the application, which would have entailed the Superintendent's commencement of proceedings in accordance with Highway Law § 301. The Supreme Court denied the petition and dismissed the proceeding.

Highway Law § 300 *et seq.* essentially provide for a private condemnation proceeding by landowners seeking to establish a private road over the property of another (*see Matter of Siwula v Town of Hornellsville*, 56 AD3d 1253 [2008]). The core issue on this appeal is whether the Legislature intended to provide that land owned by a governmental entity may be the subject of such a proceeding.

A statute does not apply to a governmental entity where its sovereign rights, prerogatives, or interests are involved, unless the entity is specifically mentioned therein or included by necessary implication (*see Towner v Jimerson*, 67 AD2d 817 [1979]). The Highway Law provisions at issue here do not specifically or necessarily include governmental entities such as the County. Indeed, by providing for the payment of damages to a "person or persons" through whose land the private road is to pass (Highway Law § 307), the Legislature evinced an intention not to provide for the taking of land owned by a governmental entity. It has long been the law, since well before the time these provisions were enacted in 1936 (*see* L 1936, ch 63), that the term "person" generally does not include a governmental entity (*see Saranac Land & Timber Co. v Roberts*, 195 NY 303, 323 [1909]; *Towner v Jimerson*, 67 AD2d at 817; General Construction Law § 37), unless a statutory definition expressly includes that governmental entity within the meaning of the term. Conse-

quently, Leonard does not have the right to invoke the Highway Law provisions at issue here with respect to county-owned land.

Since Leonard does not have a clear right to the relief requested, mandamus does not lie (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]), the petition was properly denied, and the proceeding was properly dismissed.

Further, in light of our determination, so much of the second cause of action as sought a judgment declaring that the Town and the Superintendent do not need the express approval of the County of Suffolk in order to commence proceedings in connection with Leonard's application for a private road has been rendered academic, and should have been dismissed.

We note that, although Leonard's second cause of action also seeks a judgment declaring that the Town and the Superintendent may not refuse to commence proceedings pursuant to Highway Law § 300 *et seq.* as he requested, the issue of law in dispute here is limited to whether the failure of the Town and the Superintendent to commence proceedings pursuant to Highway Law § 300 *et seq.* constitutes a failure to perform a duty enjoined upon them by law. Thus, that failure is subject to review only pursuant to CPLR article 78 (*see* CPLR 7803 [1]; *Matter of Town of Harrison Police Benevolent Assn., Inc. v Town of Harrison Police Dept.*, 69 AD3d 639, 640-642 [2010]). Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for further proceedings on that portion of the second cause of action, and the entry thereafter of an appropriate amended judgment, if warranted.

Leonard's remaining contentions are either without merit or not properly before us. Fisher, J.P., Miller, Eng and Hall, JJ., concur.