2 A.3d 499

David J. MEYER, Dallas Berry, Charles J. Brown, Jeremy Lee Fox, Martin Gorecki, Anthony J. Hollibaugh, Lisa L. Salyers, Rochell Sykes, Joseph W. Vucick, David L. Wigley, Dennis W. Woodley, Chris Mack and Tammy Muslo, Appellants

v.

COMMUNITY COLLEGE OF BEAVER COUNTY, Appellee.

Timothy L. Barr, John J. Battaglia, Mark Brown, Chris Ferragonio, Craig P. Fraser, Matt Fraser, Ivan Glenz, Justin Haffey, Steve Hall, Dustin Huff, Joseph A. Kanai, Michael Keally, Stephen E. Kusma IV, William J. Latuszewski, John Kurt Leitschaft, Bob Masilon, Michael Matzie, Alexis M. Miller, Joseph A. Musser, Timothy Poland, Brian A. Sales, Matthew J. Temple, Torie Tyson, Jared Unen, Dale A. Valenson, Mark C. Williams and Amy M. Zimmel, Appellants

v.

Community College of Beaver County, Appellee.

Supreme Court of Pennsylvania.

Argued April 13, 2010.

Decided Aug. 17, 2010.

540

See also 2003 WL 25853722.

Mark F. Fischer, John P. Liekar, Jr., Pittsburgh, Thomas Simon Anderson, Yukevich Marchetti Liekar & Zangrilli, P.C., for David J. Meyer et al. and Timothy L. Barr, et al.

Anthony G. Sanchez, Andrews & Price, for Community College of Beaver County.

## *OPINION*

Justice SAYLOR.

At issue is the Commonwealth Court's holding that governmental immunity extends to all statutory causes of action, whether arising in tort or contract, subject only to the eight exceptions enumerated in the Political Subdivision Tort Claims Act.

The two underlying civil cases are companion ones, involving similar claims by two separate groups of former students of Appellee, Community College of Beaver County, who were enrolled in a police training program. According to the averments of the complaints, each group had completed a substantial portion of the training when the College lost its certification under the governing statute. *See* 53 Pa.C.S. §§ 2161–2171. There are some fairly egregious failures on the part of the College alleged, and, apparently, as a result of the decertification, the credits earned by Appellants may not be recognized elsewhere. In the complaints, Appellants advanced contract and warranty theories, as well as claims under the Unfair Trade Practices and Consumer Protection Law.[1]

Following the close of pleadings and discovery, the College sought partial summary judgment on the UTPCPL claims. In relevant part, it argued that the UTPCPL does not apply in the first instance to local governmental entities such as community colleges,[2] and, moreover, local agencies are immune

---

1. Act of Nov. 24, 1976, P.L. 1166, No. 260 (as amended 73 P.S. §§ 201-1–201-9.3) (the "UTPCPL").

2. It is undisputed that the College is a local agency for purposes of governmental immunity. *See generally Snead v. SPCA of Pa.*, 604 Pa. 166, 172–74, 985 A.2d 909, 913–14 (2009) (discussing the meaning of

from UTPCPL claims under the Political Subdivision Tort Claims Act,[3] as recodified in the Judicial Code. *See* 42 Pa.C.S. § 8541 (providing that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency," subject to eight exceptions enumerated in the companion provisions of Section 8542).

Ultimately, the common pleas court denied the motions, on the ground that the statutory prescription for governmental immunity is directed to tort actions; the UTPCPL subsumes causes of action grounded in contract; and the College falls within the broad definition of a "person" subject to suit under the UTPCPL. *See* 73 P.S. § 201–2 (defining "persons" subject to UTPCPL claims as "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entities").

The College obtained certifications to support permissive interlocutory appeals, and the Commonwealth Court accepted the appeals and reversed in divided, *en banc* opinions. *See Meyer v. Cmty. Coll. of Beaver County*, 965 A.2d 406 (Pa. Cmwlth.2009) (*en banc*); *Barr v. Cmty. Coll. of Beaver County*, 968 A.2d 235 (Pa.Cmwlth.2009) (*en banc*). The majority holdings were based on the notion—not advanced by the litigants—that local agencies are immune from *all* statutory causes of action, whether arising in contract or tort, as long as they do not implicate any of the eight exceptions to governmental immunity. *See Meyer*, 965 A.2d at 413 ("[I]mmunity from statutory damages is only waived for negligent acts within the exceptions enumerated in 42 Pa.C.S. § 8542(b)."); *Barr*, 968 A.2d at 239 (applying identical reasoning). In light of this perspective concerning broad immunity relative to statutory causes of action, the majority declined to address the arguments that were presented by the litigants, including the

the term "local agency" in the context of the Political Subdivision Tort Claims Act).

3. Act of Nov. 26, 1978, P.L. 1399, No. 330 (codified as amended 42 Pa.C.S. §§ 8541–8542) (hereinafter the "Political Subdivision Tort Claims Act" or the "Tort Claims Act").

College's contention that the UTPCPL does not, on its own terms, apply against local agencies of the Commonwealth. *See Meyer*, 965 A.2d at 410. Judge Butler dissented in both cases, without opinion.

■ Appellants filed timely petitions for allowance of appeal, which we allowed to consider the correctness of the approach to governmental immunity crafted by the Commonwealth Court. As our review centers on a question of law, it is plenary.

■ Presently, Appellants criticize the Commonwealth Court for raising the dispositive issue *sua sponte*, highlighting that the College previously, consistently had accepted that the Tort Claims Act was concerned with matters arising in tort and not in contract. *See, e.g., Brief for College, Meyer v. Cmty. Coll. of Beaver County*, 965 A.2d 406 (Pa.Cmwlth.2009) (No. 11345 of 2002), 2008 WL 6041567, at *12–21 (reflecting the College's framing of its relevant contentions to the Commonwealth Court in terms of the tort/contract distinction applicable in the immunity setting). Appellants rely on the original title of the enactment—the Political Subdivision Tort Claims Act—as encapsulating its focus; the statute's foundational concern with "injury to a person or property," as distinguished from disappointed contract-based expectations; and the numerous expressions of Pennsylvania courts reflecting this limited scope.[4] According to Appellants, the Commonwealth Court's holding is ground-breaking and "havoc wreaking," Brief for Appellants at 13, in light of the many statutory schemes providing for monetary redress against governmental entities. *See, e.g.,* 62 Pa.C.S. § 3935 (providing for damages, penalties and attorney's fees in connection with the implementation of the Government Procurement Code). Contrary to the Commonwealth Court's decision, Appellants

4. *See, e.g., Snead*, 604 Pa. at 170 n. 2, 985 A.2d at 911 n. 2 ("The Tort Claims Act prohibits, with certain narrow exceptions, *tort* claims against local agencies." (emphasis added)); *Flood v. Silfies*, 933 A.2d 1072, 1076 n. 7 (Pa.Cmwlth.2007) (indicating that the "overall purpose of the [Political Subdivisions Tort Claims Act] is to limit governmental exposure to *tort* liability for its acts" (emphasis added)).

assert that it matters—and, indeed, remains crucial—to the appropriate application of immunity whether a claim sounds in contract or tort.

According to the College, although the legislative conferral of immunity arose under the former Political Subdivisions Tort Claims Act, upon recodification, it took on the broader title: "Governmental immunity generally." *See* 42 Pa.C.S. § 8541. Thus, the College regards the tort rubric associated with the statute as outdated and as merely reflecting a misnomer. *See* Brief for Appellee at 6 (contending that the "commonly used 'Tort Claims Act' moniker erroneously used by the parties is simply a remnant from prior legislation which has long been repealed"). The College argues that there is no attempt, within the Tort Claims Act, as codified in the Judicial Code, to limit the immunity afforded to tort actions. With regard to the series of statutes referenced by Appellants embodying statutory damages remedies against governmental entities, the College acknowledges that targeted enactments control over the more general provision for governmental immunity. It maintains, nonetheless, that, in the absence of such specific provision for monetary relief against the government, immunity applies. *See* Brief for Appellee at 7–8 ("To suggest that the legislature enacted laws specific to government entities only to preclude any action against a government entity based on that law pursuant to governmental immunity is absurd."). Addressing the specific language of Sections 8541 and 8542, the College asserts that the claims against it "fall within the legislative definition of 'damages on account of any injury to a person or property,'" *id.* at 8, albeit without further elaboration of this position. Finally, the College envisions that the recognition of a tort-versus-contract distinction, for immunity purposes, will yield efforts on the part of litigants to subvert the statute's purposes via advancement of "pseudo-contract" actions.

Upon our review, we agree with Appellants that the approach taken by the Commonwealth Court is not sustainable. As Appellants ably explain, the language of the statute conferring governmental immunity, and of that implementing the

exceptions, pertains to conduct causing "injury to a person or property." 42 Pa.C.S. §§ 8541, 8542. The Commonwealth Court previously has recognized that these terms reflect the main policy consideration historically underlying tort law, whereas, the central focus of contract law is the protection of bargained-for expectations. *See Hazleton Area Sch. Dist. v. Bosak,* 671 A.2d 277, 282–83 (Pa.Cmwlth.1996).[5]

In line with the extant understanding of the Political Subdivision Tort Claims Act, we believe the Legislature centered the immunity there conferred on "injury to a person or property" as a reflection of traditional tort jurisprudence. *Accord supra* note 4 (citing cases reflecting the long-prevailing understanding concerning the Tort Claims Act's reach). We also agree with Appellants that nothing about the recodification of the immunity statute within the Judicial Code altered this substantive intent. In response to the College's contention that the title changed, we observe that the central conferral of immunity was captioned "Governmental immunity generally" from its inception. *See* Act of Nov. 26, 1978, P.L. 1399, No. 330, § 201. Furthermore, we credit Appellants' position that, by suggesting that the Tort Claims Act impairs the enforceability of contractual relationships with the government, the Commonwealth Court's holding may have unintended effects which are best to be avoided.

Finally, in addition to defending the Commonwealth Court's holding, the College also seeks to advance the challenges that it actually presented to the intermediate appellate court, but which were not addressed there. Such arguments, however, exceed the scope of our allocatur grant, and it remains the

5. While the historical line of demarcation between tort and contract has been blurred in some specific circumstances, generally this has occurred in a controlled fashion and upon the Court's acceptance of some special justification. For example, the Court has sanctioned a limited expansion of tort doctrine to encompass foreseeable economic injury occasioned by certain categories of persons collaterally concerned with bargained-for expectations. *See, e.g., Bilt–Rite Contractors, Inc. v. The Architectural* Studio, 581 Pa. 454, 479–82, 866 A.2d 270, 285–87 (2005) (recognizing a "narrowly tailored" cause of action for negligent misrepresentation by an architect in the absence of contractual privity).

.

purview of the Commonwealth Court to address them in the first instance.

 We hold that governmental immunity does not extend to all statutory causes of action, regardless of whether they sound in tort or contract.[6]

6. Responding to the concurring opinion, if not otherwise clear from our discussion, the phrase "all statutory causes of action"—as used in our holding above—subsumes private actions authorized by the UTPCPL. Thus, while the concurrence complains that we should address "the Commonwealth Court's determination that a local agency cannot be held liable for damages under the UTPCPL unless the claim falls within one of the eight exceptions to immunity codified at 42 Pa.C.S. § 8542(b)," Concurring Opinion, op. at 547, 2 A.3d at 504, in point of fact, this is precisely what we have done by rejecting that determination.

To the degree private rights of action against the government exist at all under the UTPCPL, we take no issue with the concurrence's main substantive point that Tort Claims Act immunity would be implicated only where the gravamen of a claim sounds in negligence. As previously noted, however, the College has raised and preserved the threshold issue of whether the legislature intended for the government to be subject to private actions under the UTPCPL in the first instance, since governmental entities are not expressly included in the statutory definition of "persons" subject to such liability. See Brief for Appellee at 19–21 (citing 73 P.S. § 201–2(2) (definition of "person"), 201–9.2 (providing for private actions based on prohibited conduct or omissions by "any person")). In support of its position, the College references the reasoning contained in a line of Commonwealth Court opinions holding that the Legislature did not intend to include governmental entities within a listing of persons and entities which might technically encompass them, where it did not include the governmental expressly. See, e.g., Huffman v. Borough of Millvale, 139 Pa.Cmwlth. 349, 352, 591 A.2d 1137, 1139 (1991). The College's position in this regard also finds support in the law of at least some other jurisdictions. See, e.g., Leonard v. Masterson, 70 A.D.3d 697, 896 N.Y.S.2d 358, 359 (N.Y. App. Div. 2010) ("It has long been the law ... that the term 'person' generally does not include a governmental entity unless a statutory definition expressly includes that governmental entity within the meaning of the term.") (citations omitted).

If the College is correct on this threshold issue, there is no need for courts to sort through the litany of unlawful practices set forth in the UTPCPL, to determine which may sound in contract and which may sound in negligence, in order to address governmental immunity. Accordingly, before embarking on a course which may never have been envisioned by the General Assembly, we presume that the Commonwealth Court will first apply the more rational approach of determining the legislative intent as to the availability of a private right of action under the UTPCPL against the government in the first instance.

Again, as this issue is outside the scope of our allocatur grant and is one of several which may need to be addressed to achieve a final resolution,

The order of the Commonwealth Court is vacated, and the matter is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

Chief Justice CASTILLE and Justices EAKIN, BAER, TODD, McCAFFERY join the opinion.

Justice ORIE MELVIN files a concurring opinion.

Justice ORIE MELVIN.

I agree with the Majority that 42 Pa.C.S. §§ 8541–8542 limits governmental immunity "as a reflection of traditional tort jurisprudence" and that the official title of the statute does not prove otherwise. Majority Op. at 545, 2 A.3d at 502–03. Nonetheless, I write separately because I believe we should also address the Commonwealth Court's determination that a local agency cannot be held liable for damages under the UTPCPL unless the claim falls within one of the eight exceptions to immunity codified at 42 Pa.C.S. § 8542(b). *See Meyer v. Cmty. Coll. of Beaver County,* 965 A.2d 406, 412 (Pa.Cmwlth.2009) (*en banc*); *Barr v. Cmty. Coll. of Beaver County,* 968 A.2d 235, 239 (Pa.Cmwlth.2009) (*en banc*). The parties have briefed this issue of first impression, which was decided on the merits in two published opinions by an *en banc* panel of the Commonwealth Court, and it is clearly encompassed by our grant of review. Therefore, I offer the following observations.

In resolving immunity challenges under the Political Subdivision Tort Claims Act ("Tort Claims Act"), the Commonwealth Court usually inquires as to whether the underlying cause of action sounds in tort or in contract. *See generally Matarazzo v. Millers Mutual Group, Inc.,* 927 A.2d 689 (Pa.Cmwlth.2007) (*en banc*) (holding that a municipal authority was entitled to immunity under section 8542 because the plaintiffs' promissory estoppel claim against the authority actually sounded in tort). If the claim is tort-based, it is barred by the immunity provisions of the Tort Claims Act

our decision is to return the case to the Commonwealth Court to administer its own appellate responsibilities as the court of original jurisdiction.

unless it falls within an exception codified at section 8542(b). *Id.* at 694. If the claim is contract-based, however, it is not precluded by the Act. *See, e.g., Com. Dept. of Transportation v. Municipal Authority of the Borough of West View,* 919 A.2d 343 (Pa.Cmwlth.2007), aff'd, 594 Pa. 409, 936 A.2d 487 (2007).

In the instant case, the Commonwealth Court abandoned that approach for various reasons. Among other things, the Commonwealth Court refused to utilize the traditional analysis because the UTPCPL proscribes a wide range of conduct without differentiating between "tort-like" and "contract-like" violations. *Meyer,* 965 A.2d at 414 (citing *Johnson v. Hyundai Motor America,* 698 A.2d 631 (Pa.Super.1997)). The Court also found that consumer protection claims warrant disparate treatment because the UTPCPL enables plaintiffs to recover treble damages and attorneys' fees. *Id.* Thus, although it conceded that a common law breach of warranty claim might be actionable under the UTPCPL, the Commonwealth Court concluded that a party cannot assert a consumer protection claim against a local agency unless it falls within an exception listed in section 8542(b).

I take issue with the Commonwealth Court's reasoning because it ignores the legislative intent behind the UTPCPL and elevates form over substance. The UTPCPL is a remedial statute that prohibits service providers and other merchants from engaging in unfair business tactics; enacted in an effort to combat fraud, the statute is to be liberally construed to achieve its objective. *See Commonwealth ex rel. Creamer v. Monumental Properties, Inc.,* 459 Pa. 450, 329 A.2d 812, 817 (1974); *see also Commonwealth v. Peoples Benefit Services, Inc.,* 923 A.2d 1230, 1236 (Pa.Cmwlth.2007) ("the UTPCPL is to be construed liberally to effectuate its objective of protecting consumers of this Commonwealth from fraud and unfair or deceptive business practices."). Consistent with its stated purpose, the law is broad in scope and applies to the "sale or distribution of any services ... directly or indirectly affecting the people of this Commonwealth." 73 P.S. § 201–2(3). Furthermore, as the Commonwealth Court acknowledged in *Meyer, supra* at 414, the UTPCPL forbids certain acts that would

enable the aggrieved party to sue for breach of contract in appropriate circumstances. *See, e.g.,* 73 P.S. § 201–2(4)(v)–(vii) (relating to representations by sellers concerning non-conforming goods or services).

The Commonwealth Court downplayed these considerations and emphasized minor distinctions between the UTPCPL and common law causes of action. In my view, the legislature's failure to classify prohibited acts as contractual or tort-based violations should not prevent an individual from suing a government agency under the UTPCPL when the action relates to a contract dispute. The Commonwealth Court's narrow construction hinders the application of a law that was clearly intended to govern all types of service agreements. Moreover, I am not persuaded that the Tort Claims Act precludes contract-based UTPCPL claims simply because the statute gives courts discretionary authority to award treble damages and attorneys' fees. *See* 73 P.S. § 201–9.2(a). Appellants are not sure to recover treble damages in this case, and I would not deprive them of the opportunity to seek attorneys' fees under a statute that embodies a legislative effort to place consumers and sellers on equal footing. *See Trizechahn Gateway LLC v. Titus,* 601 Pa. 637, 976 A.2d 474, 482 (2009) (as a rule, litigants in this Commonwealth can recover counsel fees from an adverse party if there is express statutory authorization).

Appellants invoked the UTPCPL based on allegations that the College breached a contractual obligation to provide a certificate program in police technology that was designed to meet specific instructional requirements for students interested in pursuing a career in law enforcement. I would direct the Commonwealth Court to examine the pleadings on remand to determine whether Appellants' claims satisfy the UTPCPL. If sufficient facts have been pled, the Commonwealth Court should then ascertain whether the claims sound in tort or in contract and dispose of the matter accordingly.