15 A.3d 333

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Lisa M. HACKER, Appellee.**

Supreme Court of Pennsylvania.

Argued April 13, 2010.

Decided Jan. 18, 2011.

Mark Todd Aaron, Clarion County District Attorney's Office, for the Commonwealth of Pennsylvania, appellant.

Michael S. Marshall, DuBois, Scott A. White, Clarion, for Lisa Marie Hacker, appellee.

CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

*OPINION*

Justice EAKIN.

Appellee's then–13–year–old nephew, CG, and his 12–year–old female friend, NA, regularly visited her apartment. One night, playing a game of "truth or dare," appellee dared NA to perform oral sex on CG; when NA refused, appellee threatened to inform NA's mother that she had misbehaved. Appellee then took NA by the hand, walked her across the bedroom, and sat her down next to CG. NA then performed oral sex on CG.

A jury convicted appellee of solicitation [1] to commit the rape of a child,[2] and the trial court sentenced appellee accordingly. In post-trial motions, appellee argued she could not be convicted of solicitation because the Commonwealth failed to prove she knew NA was under the age of 13. The trial court, noting mistake of age is not a defense to the underlying crime,[3] found the Commonwealth need not prove appellee knew NA was under the age of 13. Trial Court Opinion, 8/8/07, at 7.

---

1. "A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission."
18 Pa.C.S. § 902(a).

2. "A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years old." *Id.*, § 3121(c).

3. "Except as otherwise provided, whenever in [Title 18, Chapter 31] the criminality of conduct depends on a child being below the age of 14 years, it is no defense that the defendant did not know the age of the child or reasonably believed the child to be the age of 14 years or older." *Id.*, § 3102.

 The Superior Court reversed appellee's solicitation conviction.[4] *Commonwealth v. Hacker*, 959 A.2d 380, 395 (Pa.Super.2008). The court reasoned that § 3121(c) was a strict liability offense, but § 902(a) was a specific intent crime, such that appellee must have had a specific intent relative to all the elements of § 3121(c). *Id.*, at 387. The court acknowledged the legislative purpose of protecting children, but found it was constrained by the statutory language. *Id.*, at 388 (citations omitted). Accordingly, the court concluded "without evidence that [appellee] knew N.A. was under thirteen, a jury could not conclude [appellee] intended to promote or facilitate the rape of someone under thirteen." *Id.*, at 387. As there was insufficient evidence appellee knew NA was under 13 years of age, the court reversed the solicitation conviction and remanded for resentencing. We granted allocatur to determine:

> Whether, in order to prove the requisite intent for solicitation to commit rape of a child under 13 under 18 Pa.C.S. § 3121(c), the Commonwealth is required to prove the solicitor had knowledge of the victim's age when the solicitor clearly had the specific intent to promote or facilitate acts which constituted a strict liability crime.

*Commonwealth v. Hacker*, 601 Pa. 574, 975 A.2d 1082, 1082 (2009) (table). "Because statutory interpretation is a question of law, our standard of review is *de novo*, and our scope of review is plenary." *Snead v. Society for the Prevention of Cruelty to Animals of Pennsylvania*, 604 Pa. 166, 985 A.2d 909, 912 (2009) (citing *In re Milton Hershey School*, 590 Pa. 35, 911 A.2d 1258, 1261 (2006)). In matters of statutory interpretation, the General Assembly's intent is paramount. 1 Pa.C.S. § 1921(a).

The Commonwealth, noting that proof the actual perpetrator knew his victim's age is unnecessary, argues such proof is therefore irrelevant; it argues requiring proof a solicitor of the same crime knew the victims age is absurd. The Commonwealth claims "intent," as used in § 902(a), merely modi-

---

4. The court affirmed her other convictions, and we will not address issues relevant thereto.

fies "promoting or facilitating;" thus, it need only prove the solicitor intended to promote or facilitate acts which comprise a crime, not that the solicitor had knowledge those acts would comprise a crime. The Commonwealth alleges the Superior Court improperly applied logic applicable to the language of the attempt statute [5] to the solicitation statute. The Commonwealth contends the General Assembly would have phrased the solicitation statute similarly to the attempt statute had it intended solicitation to include the intent to commit all the material elements of the underlying offense.

Appellee contrasts solicitation with § 3121(c), which she contends "is not a specific intent crime. The only intent required is the intent to engage in sexual intercourse." Appellee's Brief, at 8. She contends solicitation is a specific intent offense, requiring the Commonwealth to prove she believed NA was under the age of 13. Appellee alleges the Commonwealth's position would untenably render solicitations *actus rea* and *mens rea* indistinguishable. Appellee rejects the comparison to the attempt statute, as solicitation involves convincing another to commit the underlying crime, whereas attempt requires only that the defendant seek to commit the underlying offense.

■ We hold the Superior Court erred in stating § 3121(c) was a strict liability offense. There are two main elements contained in the definition of rape of a child: (1) engaging in sexual intercourse, (2) with a person under the age of 13. 18 Pa.C.S. § 3121(c). As to the first element, no one argues a conviction may be had without some level of *mens rea;* one must intend to have (or cause) sexual intercourse.[6] However, the General Assembly has expressly barred any mistake of age defense. Therefore, while § 3121(c) requires some *mens rea* for the sexual intercourse element, *mens rea* is immaterial to the age element of § 3121(c). The statute is, at most, an

---

**5.** "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a).

**6.** As we did not grant allocatur on the issue of which specific level of intent applies to the sexual intercourse element of § 3121(c), we will not consider it further.

"impure strict liability [crime where] culpability is required with respect to at least one material element but is not required as to others." *Commonwealth v. Samuels,* 566 Pa. 109, 778 A.2d 638, 642 n. 3 (2001) (Saylor, J., concurring).

The purpose of the solicitation statute is to hold accountable those who would command, encourage, or request the commission of crimes by others. Clearly, without appellee's commands, encouragements and requests, there would never have been a crime against NA. The statute requires proof of such encouragement, but with the intent to accomplish the *acts* which comprise the crime, not necessarily with intent specific to all the *elements* of that crime, much less those crimes with elements for which scienter is irrelevant. Appellee intentionally encouraged the specific conduct which comprised this crime. The encouragement was with the intent of facilitating or promoting commission of that conduct. That is sufficient to satisfy the requirements of the solicitation statute.

When a statute includes a level of culpability, that level of culpability "shall apply to all the material elements of the offense, unless a contrary purpose plainly appears." 18 Pa. C.S. 302(d). The General Assembly has expressed a contrary purpose here. It has rendered a defendant's belief regarding a complainant's age irrelevant. *See* 18 Pa.C.S. § 3102 (limiting mistake of age defense). It is well-settled that the General Assembly has an interest in "recogniz[ing] that older, more mature individuals are in a position that would allow them to take advantage of the immaturity and poor judgment of very young minors." *Commonwealth v. Albert,* 563 Pa. 133, 758 A.2d 1149, 1154 (2000).

Given this interest, and that a defendants belief regarding a complainant's age is immaterial, a contrary purpose plainly appears. It is difficult to believe the legislature intended to require extra proof for an inchoate crime but excuse it for the underlying offense. As the General Assembly has expressly disapproved mistake of age defenses, and as the solicitation statute does not require proof of all elements of the underlying crime, we find a solicitor may not escape liability

for the rape of a child merely by proffering ignorance as to the victim's age.

Accordingly, the Superior Court improperly required the Commonwealth to prove appellee had specific intent regarding NA's age. Thus, the Superior Court erred in finding insufficient evidence supported appellees solicitation of rape of a child conviction, which finding is hereby reversed.

The order of the Superior Court is reversed.

Jurisdiction relinquished.

Justices BAER, McCAFFERY and ORIE MELVIN join the opinion.

Justice TODD concurs in the result.

Justice SAYLOR files a dissenting opinion in which Chief Justice CASTILLE joins.

Justice SAYLOR, dissenting.

Apparently to vindicate salutary policy objectives, the majority transports a strict-liability provision explicitly anchored to one chapter of the Crimes Code into another. *Compare* 18 Pa.C.S. § 3102 (limiting mistake-of-age defense for purposes of "this chapter"), *with* Majority Opinion, at 113–14, 15 A.3d at 336 (extending the referenced limitation on Chapter 31 offenses to the Chapter 9 solicitation offense). This Court, however, otherwise has explained that it is not our role to cure perceived legislative omissions. *See, e.g., Commonwealth v. Shafer*, 414 Pa. 613, 621, 202 A.2d 308, 312 (1964). Furthermore, to the extent that ambiguity is present in penal statutes, strict construction is required in favor of lenity. *See Commonwealth v. Bullock*, 590 Pa. 480, 488, 913 A.2d 207, 212 (2006).

The majority also pronounces that a solicitor need not necessarily have intent specific to all elements of a crime. *See id.* at 112–14, 15 A.3d at 335–36. However, criminal solicitation expressly requires the "intent of promoting or facilitating [a crime's] commission," 18 Pa.C.S. § 902(a), and a crime is nothing more or less than the sum total of its elements.

I acknowledge the deplorable factual circumstances presented here. Nevertheless, it remains my considered perspective

that the criminal law should be enforced as it is written and according to conventional interpretive principles, consistently applied. To do otherwise, in my estimation, yields uncertainty and increased litigation and, thus, risks doing more harm than good.

Finally, I observe that it is beyond the scope of the limited allowance of appeal (and it is unnecessary in any event under the majority's holding) to review the Superior Court's conclusion that the evidence was insufficient to support a jury finding of knowledge, on Appellant's part, that the victim was under the age of thirteen. I note only that the Superior Court's discussion of the sufficiency issue is very brief, and the panel did not expressly consider the role of circumstantial evidence in the review, including the appearance of the victim, who testified before the jury.

Chief Justice CASTILLE joins this dissenting opinion.