PENNSYLVANIA S.P.C.A.,
INC., Appellee

v.

SIXTH ANGEL SHEPHERD RESCUE, INC., and Terry Silva, Individually and on Behalf of Sixth Angel Shepherd Rescue, Inc., Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 26, 2011.

Filed Oct. 24, 2011.

Terry E. Silva, Philadelphia, for appellant.

J. Gregg Miller, Philadelphia and Elizabeth J. Anderson, Hawley, for appellee.

BEFORE: FORD ELLIOTT, P.J.E., BENDER, and BOWES, JJ.

1. The relevant definition reads:
   "Owner." When applied to the proprietorship of a dog, includes every person having a right of property in such dog, and every person who keeps or harbors such dog or

OPINION BY BOWES, J.:

Sixth Angel Shepherd Rescue, Inc. and Terry Silva ("Sixth Angel") appeal from the order granting the Pennsylvania Society for the Prevention of Cruelty to Animals ("S.P.C.A.") petition to confirm disposition of surrendered or forfeited property. We affirm.

The salient facts are as follows. S.P.C.A. is an organization charged with enforcing 18 Pa.C.S. § 5511, this Commonwealth's cruelty to animals statute. The S.P.C.A. employs humane society police officers who investigate allegations of animal cruelty, file criminal charges, and prosecute violations of the above-referenced statute. Sixth Angel is a dog rescue operation and licensed kennel operator.

In November 2010, the S.P.C.A. received a complaint regarding animals being cared for at a property possessed by Steve Alston. The kennel license displayed on Mr. Alston's property indicated that the property was a kennel operated by Sixth Angel. Thus, Mr. Alston was acting as an agent for Sixth Angel and, under the Dog Law, 3 P.S. § 459–102,[1] was an owner of Sixth Angel's dogs that were located at that property. Mr. Alston was charged with summary violations of 18 Pa. C.S. § 5511 and, in December of 2010, entered into a consent decree wherein he agreed that the animals at the property were living in unsanitary conditions and were being denied veterinary care.

Pursuant to § 5511, forfeiture of maltreated animals is authorized. 18 Pa.C.S. § 5511(m) ("the authority imposing sentence upon a conviction for any violation of this section may order the forfeiture or surrender of any abused, neglected or de-

has it in his care, and every person who permits such dog to remain on or about any premises occupied by him.
3 P.S. § 459–102.

prived animal of the defendant to any society or association for the prevention of cruelty to animals duly incorporated under the laws of this Commonwealth."). Accordingly, based on Mr. Alston's entry into a consent order, the dogs housed at his property and owned by Sixth Angel were lawfully subject to forfeiture. In January 2011, Sixth Angel contacted the S.P.C.A. and requested the return of the dogs, indicating that it was not notified of the seizure. Thereafter, on January 14, 2011, the S.P.C.A. filed a petition to confirm the forfeited property and served Sixth Angel. Rather than reply to the petition, Sixth Angel filed a notice of removal with the federal eastern district court of Pennsylvania on February 3, 2011. Sixth Angel, however, failed to ensure that it properly filed a copy of its notice of removal in state court.

Subsequently, on February 16, 2011, Sixth Angel filed a motion in federal court, but not in state court, seeking an extension of time to respond to S.P.C.A.'s state petition to confirm. On February 23, 2011, the state court, having not received a response by Sixth Angel, entered an order granting S.P.C.A.'s petition to confirm.[2] On March 3, 2011, Sixth Angel again filed a motion in federal court regarding this matter. That motion requested that the federal court remand to the state court. The S.P.C.A. filed a response the following day and the federal court granted the motion on March 18, 2011. This appeal followed on March 25, 2011. The trial court directed Sixth Angel to file and serve a Pa.R.A.P. 1925(b) statement, and it complied. The matter is now ready for our review. Sixth Angel raises the following two issues.

1. Whether the trial court's order is void as the case had been removed to federal court which was exercising jurisdiction until and unless remanded.

2. Whether a grant of a petition in state court as "uncontested" is a violation of Defendant Sixth Angel Shepherd Rescue, Inc.'s rights under the federal constitution to be protected against deprivation of property without due process of law.

Appellant's brief at 4.

■ Sixth Angel's initial contention is that the trial court lacked jurisdiction to grant S.P.C.A.'s petition since it filed a notice of removal with the federal district court under 28 U.S.C. § 1446 prior to the court's disposition of the petition. The S.P.C.A. replies that the state court had concurrent jurisdiction because Sixth Angel failed to properly file a copy of its notice of removal with the state court. We agree.

The issue before us presents a question of statutory interpretation. Thus, our standard of review is *de novo* and our scope of review plenary. *Snead v. Society for Prevention of Cruelty to Animals of Pennsylvania*, 604 Pa. 166, 985 A.2d 909, 912 (2009). The federal notice of removal statute reads in pertinent part,

Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). Our Supreme Court has held that the federal removal statute at issue "is subject to strict construction and its provisions must be strictly complied with before the jurisdiction of a state court can be ousted[.]" *Crown Const. Co.*

2. The order was dated February 16, 2011, but was not filed until February 23, 2011.

*v. Newfoundland American Ins. Co.,* 429 Pa. 119, 239 A.2d 452, 455 (1968). Only where the party filing the notice of removal complies with the removal statute will the state court lose jurisdiction. *Id.* As the High Court stated therein, "Both the statutory language and case law indicate that, until Prompt notice is given and a copy of the removal petition Promptly filed with the clerk of the state court, the state court retains its jurisdiction[.]" *Id.; see also Miller Block Co. v. U.S. Nat. Bank in Johnstown,* 389 Pa.Super. 461, 567 A.2d 695, 697 (1989) ("where there has not been strict compliance with the removal statute, or where the removal is subsequently determined to be invalid for lack of subject matter jurisdiction, proceedings in the state court between the filing of the removal petition and its denial are valid."). Here, the docket does not reflect that the trial court was ever properly alerted that Sixth Angel filed a notice of removal in federal court. Sixth Angel failed to ensure that its notice of removal was correctly filed in state court and did not remove the case from the state court's jurisdiction. Accordingly, the court had jurisdiction to grant S.P.C.A.'s petition.

 Appellant's second issue is equally without merit. It is long standing law that notice to an agent is notice to a principal. *Fidelity Bank v. Pierson,* 437 Pa. 541, 264 A.2d 682 (1970); *Hepburn v. McDowell,* 17 Am.Dec. 255 (Pa.1828). Hence, Sixth Angel's contention that it was not notified of the original seizure of its dogs must fail since Mr. Alston was acting as its agent. Since the S.P.C.A. is statutorily authorized to seize dogs that are maltreated and Mr. Alston was an agent operating on behalf of Sixth Angel, the S.P.C.A. lawfully seized the dogs and Sixth Angel had constructive notice of that seizure. Moreover, Sixth Angel was afforded due process in this matter because S.P.C.A. properly served it with its petition alerting Sixth Angel to the legal proceedings. Sixth Angel simply failed to respond to the petition or ensure that its notice of removal was properly filed in state court. For these reasons, we affirm.

Order affirmed.