J-S06013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA ROBERT COPENHAVER | : | |
| | : | |
| Appellant | : | No. 854 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 19, 2022
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0001075-2021

BEFORE: STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED: JULY 17, 2023**

Appellant, Joshua Robert Copenhaver, appeals from his judgment of sentence of fifteen to thirty years' imprisonment for multiple sexual offenses against his daughters, K.G. and C.C. Counsel for Appellant has filed a brief and an application to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1969), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We hold that one of the issues referenced in the ***Anders*** brief, a challenge to the sufficiency of the evidence, is frivolous. Conversely, the other issue referenced in the ***Anders*** brief is non-frivolous—specifically, whether the court properly admitted K.G.'s testimony about what C.C. told her under the "tender years" exception to the hearsay rule embodied in 42 Pa.C.S.A. § 5985.1.

_____

[*] Former Justice specially assigned to the Superior Court.

Accordingly, we remand to the trial court for further proceedings on the tender years issue.

Appellant was charged with rape of a child, solicitation of rape of a child, involuntary deviate sexual intercourse ("IDSI") with a minor, production of child pornography, solicitation of production of child pornography, depicting sex acts on a computer, solicitation to depict sex acts on a computer and other sex offenses.

Prior to trial, the Commonwealth filed a motion to admit statements that K.G. and C.C. made on February 11, 2021 to an interviewer at the York County Child Advocacy Center ("CAC"). K.G. and C.C. were eleven and twelve years old, respectively, at the time of these statements. The Commonwealth asserted that these statements were admissible under 42 Pa.C.S.A. § 5985.1, the "tender years" exception to the hearsay rule.

On May 14, 2021, the court convened an evidentiary hearing on the tender years issue. The CAC interviewer was the lone witness. The court admitted the interviewer's reports into evidence and viewed a videotape of the interviews. Appellant contended that K.G.'s statement to the interviewer about what C.C. told K.G. constituted double hearsay. N.T., 5/14/21, at 21-23. The Commonwealth responded that K.G.'s entire statement was admissible under the tender years exception in Section 5895.1. *Id.* at 25. The court ruled that K.G.'s entire statement was admissible. *Id.* at 28.

In September 2021, Appellant proceeded to a jury trial in which C.C. and K.G. testified about Appellant's offenses. K.G. testified that she saw

Appellant direct C.C. to remove her shirt and give C.C. alcohol. In addition, K.G. testified that C.C. told her that Appellant touched her inappropriately, but K.G. did not witness these touchings. Trial Transcript at 121 (K.G.'s testimony that Appellant "really did touch my sister in inappropriate places . . . I didn't see any of this. I just saw, like heard it, because [C.C.] told me"). The jury also saw K.G.'s and C.C.'s videotaped statements to the CAC interviewer.

Appellant's sister-in-law testified that Appellant became suicidal as a result of the criminal investigation into his offenses. She testified that Appellant told her that he purchased a shotgun to take his life or that he would drive his car off the road. Similarly, Appellant's father-in-law testified that Appellant told him that he would kill himself. After Appellant's arrest, his father-in-law discovered a loaded shotgun under a seat in Appellant's car. A York County detective testified that Appellant admitted taking nude photographs of his daughters but then deleting them. Appellant also gave a statement to a detective, Commonwealth Exhibit 16, implying that he had sexual contact with one of his daughters.

At the conclusion of trial, the jury found Appellant guilty of all eleven counts. On April 19, 2022, the court imposed sentence. The court erroneously sentenced Appellant to a term of imprisonment on Count 4 (statutory sexual assault) despite ruling that Count 4 merged with Count 1 (rape of a child) for purposes of sentencing. Appellant filed timely post-sentence motions, which the court denied, and a timely notice of appeal. Several days after Appellant's

notice of appeal, the court amended his sentence to merge Appellant's sentences on Counts 1 and 4. Although the amendment to Appellant's sentence took place more than thirty days after sentencing and after his notice of appeal, the court properly corrected its error pursuant to its inherent authority to correct patent errors. *Commonwealth v. Holmes*, 933 A.2d 57, 65 (Pa. 2007).

Following Appellant's appeal, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of issues complained of on appeal. Appellant's attorney filed a notice of intent to file *Anders/Santiago* brief pursuant to Pa.R.A.P. 1925(c)(4).[1] The court then filed a Statement Pursuant to Pa.R.A.P. 1925(a) which briefly summarized the procedural history of the case and recommended that this Court affirm Appellant's judgment of sentence. The trial court did not address the hearsay objection raised by Appellant during the tender years hearing because Appellant's counsel filed a notice of intent to file an *Anders* brief.

In this Court, counsel filed an *Anders* brief that raises two issues:

---

[1] Pa.R.A.P. 1925(c)(4) provides:

> if counsel intends to seek to withdraw in a criminal case pursuant to *Anders/Santiago* . . . counsel shall file of record and serve on the judge a statement of intent to withdraw in lieu of filing a Statement [Of Issues Complained Of On Appeal]. If the appellate court believes there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court shall remand for the filing and service of a Statement pursuant to Pa.R.A.P. 1925(b), a supplemental opinion pursuant to Pa.R.A.P. 1925(a), or both. Upon remand, the trial court may, but is not required to, replace an appellant's counsel.

I. Whether there was sufficient evidence to establish [Appellant] committed Rape of a Child, Criminal Solicitation to Rape of a Child, Involuntary Deviate Sexual Intercourse, Depicting on Computer Sex Act, and Criminal Solicitation to Depict on Computer Sex Act?

II. Whether the trial court erred in granting the Commonwealth's Motion to all hearsay through the Tender Years exception where there were questions regarding double hearsay and relevance?

*Anders* Brief at 5.

When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). When requesting a withdrawal, counsel must satisfy the following procedural requirements: (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, he has determined that the appeal would be frivolous; (2) provide a copy of the brief to the defendant; and (3) advise the defendant that he has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009).

Here, counsel's application to withdraw from representation states that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his *Anders* brief. Counsel also advised Appellant of his right to retain new

counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of ***Anders***.

We next determine whether counsel's ***Anders*** brief complies with the substantive requirements of ***Santiago***, wherein our Supreme Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5. If there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief. ***Commonwealth v. Cook***, 175 A.3d 345, 348 (Pa. Super. 2017).

The first issue referenced in the ***Anders*** brief is a claim that the evidence was insufficient to sustain his convictions for a series of sexual offenses. The ***Anders*** brief concludes that this claim is frivolous, and we do as well.

> The standard we apply in reviewing the sufficiency of the evidence is
> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond

a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.... Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brockman*, 167 A.3d 29, 38 (Pa. Super. 2017).

Appellant challenges the sufficiency of the evidence relating to his convictions for rape of a child, solicitation to rape a child, IDSI, production of child pornography and solicitation to produce child pornography. We consider each offense *seriatim*.

Under 18 Pa.C.S.A. § 3121(c), a "person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." Our Supreme Court has stated that "there are two main elements contained in the definition of rape of a child: (1) engaging in sexual intercourse, (2) with a person under the age of 13." *Commonwealth v. Hacker*, 15 A.3d 333, 335-36 (Pa. 2011). *Mens rea* is immaterial to the age element, rape of a child under thirteen. *Id.* at 336. The General Assembly expressly barred any mistake of age defense, and the statute created an impure strict liability crime where culpability was required with respect to at least one material element,

but not required as to others. *Id.* Section 3121 does require "some *mens rea* for the sexual intercourse element." *Id.* Sexual intercourse includes "intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S.A. § 3101.

C.C. testified that on multiple occasions, Appellant, her father, engaged in acts of oral sex with her in multiple locations around their home. N.T., 9/13/21, at 96-98. Under questioning by a detective, Appellant made admissions that the Commonwealth introduced during trial. When asked what happened to C.C. in their basement after she saw Appellant's penis, Appellant answered that "I'm taking a shot in the dark, but that's when it went in her mouth." Commonwealth Exhibit 16 (Appellant's videotaped interview with detective). Asked about an instance of oral intercourse in his basement and about whether C.C. was clothed, Appellant said, "I would have had to ask her to take her clothes off. To which we'll say she did," and there was a "good possibility" he ejaculated that day. *Id.* Although Appellant could not remember how his genitals became a topic of conversation between himself and C.C., he said it might have been because he told her to put it in her mouth. *Id.* C.C.'s testimony and Appellant's admissions to the detective furnished sufficient evidence to establish Appellant's guilt for rape of a child.

With regard to Appellant's conviction for solicitation of rape of a child, the solicitation statute, 18 Pa.C.S.A. § 902, provides:

> A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands,

- 8 -

encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission.

*Id.* The purpose of the solicitation statute

is to hold accountable those who would command, encourage, or request the commission of crimes by others. Clearly, without [the defendant's] commands, encouragements and requests, there would never have been a crime against [the victim]. The statute requires proof of such encouragement, but with the intent to accomplish the acts which comprise the crime, not necessarily with intent specific to all the elements of that crime, much less those crimes with elements for which scienter is irrelevant.

*Hacker*, 15 A.3d at 336. C.C. testified that Appellant offered to buy her things in exchange for sexual intercourse. N.T., 9/13/21, at 101-02. This testimony established that Appellant intentionally encouraged or requested the crime of rape of a child.

A person commits IDSI with a child "when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S.A. § 3123(b). "Deviate sexual intercourse" includes "sexual intercourse per os or per anus between human beings." 18 Pa.C.S.A. § 3101. Emission is not required. *Id.* "The statutory elements of rape of a child and IDSI with a child, where the underlying act is oral sex, are the same." *Commonwealth v. Brown*, 159 A.3d 531, 534 (Pa. Super. 2017). C.C. testified that Appellant put his penis in her mouth on multiple occasions, and Appellant gave admissions to the detective that he put his penis and genitals

in her mouth. This evidence was sufficient to sustain Appellant's conviction for IDSI.

The offense of production of child pornography requires proof that the defendant "causes or knowingly permits a child under the age of 18 years to engage in a prohibited sexual act or in the simulation of such act commits an offense if such person knows, has reason to know or intends that such act may be photographed, videotaped, depicted on computer or filmed." 18 Pa.C.S.A. § 6312(b)(1). Section 6312 defines "sexual act" as "nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction." 18 Pa.C.S.A. § 6312(g). C.C. testified that Appellant took pictures of her, posing nude with her genitals and breasts exposed, while she was 11 years old. N.T., 9/13/21, at 91-93. Appellant admitted to the detective that he took and then deleted nude photos of C.C., undressed and undressed with her legs spread, with his phone. Commonwealth Exhibit 16. Given that (1) Appellant took the pictures around the time he was engaging in sexual intercourse with C.C., (2) he deleted the photos shortly after taking them, thereby evincing a level of guilt regarding their content, and (3) he admitted to ejaculating in a basement with her present, where he also took photos of her nude, there was sufficient evidence to establish the nudity depicted in the photographs was a "sexual act" under Section 6312(g). Therefore, the elements of this statute were satisfied.

With regard to Appellant's convictions for solicitation of child pornography, C.C. testified that Appellant offered to buy her things in exchange for sex, K.G. testified that Appellant asked her to undress while she was with C.C. in order to check their bras, but she refused. N.T., 9/13/21, at 122-23. K.G. also testified that since she enjoyed riding her bike, Appellant offered to take the sisters over to a nearby bike trail if she would undress. C.C. testified that Appellant asked K.G. if he could take pictures of her in the shower, presumably in the nude. *Id.* at 104. While K.G. testified she did not remove her clothes, C.C. testified that she saw Appellant take pictures with his cellphone of K.G. entirely nude from the waist up. *Id.* at 104-05, 122-23. C.C. further testified that Appellant asked her (C.C.) if he could take pictures of K.G. while she was showering and actually did take pictures of her in the shower without clothing. *Id.* at 105-06. Appellant admitted to the police detective that he may have asked K.G. to do a photoshoot. Commonwealth Exhibit 16. K.G. also stated during her CAC interview that Appellant asked her to get undressed in their basement (where he took nude photos of C.C.) in exchange for the bike ride. Commonwealth Exhibit 6 (videotape of CAC interview). This evidence, viewed in conjunction with the evidence of Appellant's other offenses, demonstrates that he solicited K.G. and C.C. to pose nude for photographs for the purpose of his sexual stimulation or gratification.

For these reasons, the **Anders** brief properly concluded that Appellant's challenge to the sufficiency of the evidence underlying his convictions for the foregoing offenses is frivolous.

The second issue raised in the **Anders** brief is whether the court erred by finding K.G.'s statement to the CAC interviewer about what C.C. told K.G. admissible under the tender years exception to the hearsay rule in Section 5985.1.[2] The tender years exception provides as follows:

> **§ 5985.1. Admissibility of certain statements**
>
> **(a) General rule.**—An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in [18 Pa.C.S.A., chapter 31, relating to sexual offenses], not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:
>
> (1) the court finds, in an *in camera* hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and the child either:
>
> (i) testifies at the proceeding; or
>
> (ii) is unavailable as a witness.

42 Pa.C.S.A. § 5985.1(a).

In our view, the tender years issue herein is non-frivolous. Our review of the videotape of K.G.'s CAC interview confirms that it includes double hearsay: (1) K.G.'s statement to the interviewer and (2) C.C.'s statement to

---

[2] We review the trial court's decision to admit evidence under the tender years exception for abuse of discretion. **Commonwealth v. Curley**, 910 A.2d 692, 697 (Pa. Super. 2006).

K.G. In our view, the question whether both levels of hearsay fall within the tender years exception is a non-frivolous issue. Our review of the record indicates that the trial court did not address this issue because Appellant's counsel served a statement of intent to file an **Anders/Santiago** brief in lieu of a 1925(b) statement with the trial court. Accordingly, pursuant to Pa.R.A.P. 1925(c)(4), we direct that this matter be remanded to the trial court for counsel to file a 1925(b) statement and for the trial court then to issue a supplemental opinion pursuant to Pa.R.A.P. 1925(a). **See also Commonwealth v. Kearns,** 896 A.2d 640, 647 (Pa. Super. 2006) (denying counsel's petition to withdraw and directing the filing of an advocate's brief). Upon issuance of the trial court's supplemental 1925(a) opinion, Appellant shall then have 30 days after docketing of the trial court's supplemental opinion to file an advocate's brief in this Court. The Commonwealth thereafter shall have 30 days from the filing of the Appellant's brief to file an Appellee's brief.

Accordingly, we deny counsel's petition for leave to withdraw and remand this matter for further proceedings before the trial court. Jurisdiction retained.