J-S07010-19

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLE JAMES WRONSKI | : | |
| | : | |
| Appellant | : | No. 1369 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 6, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0002001-2017

BEFORE: OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY OLSON, J.: **FILED: MARCH 27, 2019**

Appellant, Kyle James Wronski, appeals from the judgment of sentence

entered on August 6, 2018. We affirm.

The trial court ably summarized the facts of this case:

> On [September] 9, 2017, [Mahanoy City Borough Police Corporal Charles Kovalewski] was dispatched to 307 East Mahanoy Street[. The dispatch was in response to a 911 call, that Appellant made, reporting that a female (hereinafter "the Overdose Victim") was experiencing a drug overdose]. The address was that of [the Overdose Victim's mother]. . . .
>
> [Corporal Kovalewski] was the first responder at the scene. Upon arrival, [Corporal] Kovalewski saw numerous individuals, including [Appellant], and [the Overdose Victim's] body partially under a motor vehicle parked [on] the street. People were yelling, including the [Overdose Victim's] mother, that [Appellant] was seen driving with the [Overdose Victim] prior to the incident, that the mother saw [Appellant] dragging the [Overdose Victim] out of the vehicle[,] and that [Appellant] had been trying to leave [the scene], but was caught [and then "decided to call 911 because [the Overdose

_____

\* Retired Senior Judge assigned to the Superior Court.

Victim's mother] had caught him . . . dragging her out of the vehicle." N.T. Trial, 6/11/18, at 157.] . . .

As [Corporal Kovalewski] began to attend to the [Overdose Victim,] he asked [Appellant] what had happened. . . . [Appellant], who was standing on the sidewalk, told [Corporal] Kovalewski that he had not been driving, [] did not know who had driven the vehicle, [] did not know what had happened to the [Overdose Victim,] and [] did not know the identity of the owner of the vehicle under which the [Overdose Victim was lying. Further, Appellant told Corporal Kovalewski that "he had just walked up and [saw] what was going on and called 911." *Id.* at 153]. . . .

While the [Overdose Victim] was on the ground being attended to by [Corporal] Kovalewski, [the corporal] saw [Appellant] get into the vehicle, start the engine[, put the vehicle in drive,] and begin to pull forward to drive away. The vehicle was about the run over the unconscious [Overdose Victim] who was [lying in] between [the vehicle's] front and rear tires. [Corporal] Kovalewski [testified that, in response, he stopped giving the Overdose Victim aid, stood up, got out of the way of the vehicle, and "start[ed] banging on the passenger window to get [Appellant] to stop." *Id.* at 46. At the corporal's command, Appellant put the vehicle in park and exited the vehicle. *Id.* Nevertheless, the corporal testified that Appellant had moved the vehicle "several inches" until – in response to the corporal's commands – Appellant stopped the vehicle and exited; further, Corporal Kovalewski testified that, if Appellant had "pulled forward or . . . gone backward" a little more, he would have driven over the Overdose Victim. *Id.* at 115]. . . .

[Corporal] Kovalewski was aware from prior dealings with [Appellant] that he had a suspended driver's license and asked [Mahanoy Township Police Officer Rachel Lenar,] . . . who arrived to assist [Corporal] Kovalewski, to [arrest Appellant.[fn.1] During the] search incident to arrest, Officer Lenar found that [Appellant] possessed[: 0.08 grams of a powdered mixture, consisting of heroin, fentanyl, and cocaine; 0.30 grams of cocaine; an empty glassine baggie; and, a syringe. *Id.* at 38-39, 68, 96, and 99.]

> [fn.1] The Commonwealth additionally had indicated to the [trial] court before trial testimony began that its witnesses were instructed not to testify that 911 had relayed to Officer Lenar that a warrant was out for [Appellant's] arrest. Evidence of the warrant was not elicited.

Trial Court Opinion, 10/11/18, at 3-4 (some internal capitalization omitted).

The Commonwealth charged Appellant with two counts of possession of a controlled substance, one count of possession of drug paraphernalia, and one count of driving with a suspended license.[1] Commonwealth's Information, 11/6/17, at 1. Appellant proceeded to a jury trial, where the above evidence was presented. Further, during trial, Appellant moved for dismissal of the possessory offenses by claiming that 35 P.S. § 780-113.7 provided him with immunity from the charges. *See* N.T. Trial, 6/11/18, at 136. The trial court denied Appellant's motion and the jury found Appellant guilty of the possessory offenses.[2] *Id.* at 216. On August 6, 2018, the trial court sentenced Appellant to serve an aggregate term of nine to 24 months in prison, followed by one year of probation, for his convictions. N.T. Sentencing, 8/6/18, at 22-23.

Appellant filed a timely notice of appeal. He raises one claim to this Court:

---

[1] 35 P.S. §§ 780-113(a)(16) and (32) and 75 Pa.C.S.A. § 1543(a), respectively.

[2] The trial court found Appellant guilty of the summary offense of driving with a suspended license. N.T. Trial, 6/11/18, at 216.

> Did the trial court [err] in failing to dismiss the possession [of] drugs and possession of drug paraphernalia [charges] against [Appellant] pursuant to 35 P.S. § 780-113.7(a)(2)?

Appellant's Brief at 4.

Appellant's claim revolves around the interpretation and application of 35 P.S. § 780-113.7. We note that, since "statutory interpretation is a question of law, our standard of review is *de novo*[] and our scope of review is plenary." *Commonwealth v. Hacker*, 15 A.3d 333, 335 (Pa. 2011) (internal quotations and citations omitted). We further note that:

> The principal objective of statutory interpretation and construction is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S.A. § 1921(a). . . . The plain language of a statute is the best indication of legislative intent. The basic tenet of statutory construction requires a court to construe words of the statute according to their plain meaning. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

*Commonwealth v. Poncala*, 915 A.2d 97, 104 (Pa. Super. 2006) (some internal quotations and citations omitted).

Appellant claims that the trial court erred in concluding that he was not entitled to immunity under 35 P.S. § 780-113.7. Section 780-113.7, entitled "drug overdose response immunity," provides, in relevant part:

> (a) A person may not be charged and shall be immune from prosecution for any offense listed in subsection (b) and for a violation of probation or parole if the person can establish the following:
>
> (1) law enforcement officers only became aware of the person's commission of an offense listed in subsection (b) because the person transported a person experiencing a

- 4 -

drug overdose event to a law enforcement agency, a campus security office or a health care facility; or

(2) all of the following apply:

(i) the person reported, in good faith, a drug overdose event to a law enforcement officer, the 911 system, a campus security officer or emergency services personnel and the report was made on the reasonable belief that another person was in need of immediate medical attention and was necessary to prevent death or serious bodily injury due to a drug overdose;

(ii) the person provided his own name and location and cooperated with the law enforcement officer, 911 system, campus security officer or emergency services personnel; and

(iii) the person remained with the person needing immediate medical attention until a law enforcement officer, a campus security officer or emergency services personnel arrived.

(b) The prohibition on charging or prosecuting a person as described in subsection (a) bars charging or prosecuting a person for probation and parole violations and for violations of section 13(a)(5), (16), (19), (31), (32), (33) and (37).

35 P.S. § 780-113.7. Section 780-113.7 "does not require the Commonwealth to establish that immunity does not apply, but places the burden on the defendant to establish [the section's] applicability." *Commonwealth v. Markun*, 185 A.3d 1026, 1033 (Pa. Super. 2018) (*en banc*); *see also* 35 P.S. § 780-113.7(a) ("[a] person may not be charged and shall be immune from prosecution for any offense listed in subsection (b) and for a violation of probation or parole if the person can establish the following . . .").

On appeal, Appellant claims that the trial court erred in failing to afford him immunity under Section 780-113.7(a)(2).[3] According to Appellant, to be entitled to immunity under Section 780-113.7(a)(2), "the defendant must only make the call reporting the overdose incident to law enforcement or 911, identify himself[,] and remain with the person in need of medical care until law enforcement or medical personnel arrives. Nothing further is required." Appellant's Brief at 8. As Appellant claims, since he complied with all of the statutory elements he listed, he was entitled to immunity from prosecution and the trial court erred in refusing to dismiss the charges against him. This claim fails.

Appellant's summary of Section 780-113.7(a)(2) notably omits one, explicitly stated, mandatory statutory element for immunity: that Appellant "**cooperate**[] with the law enforcement officer, 911 system, campus security officer or emergency services personnel." 35 P.S. § 780-113.7(a)(2)(ii) (emphasis added); *see also Commonwealth v. Lewis*, 180 A.3d 786, 790 (Pa. Super. 2018) (noting: "[o]ther conditions on the grant of immunity include a requirement that the reporter provide authorities with her real name, that she stay with the subject of her report, **and she cooperate fully with authorities**") (emphasis added). Indeed, Appellant's argument on appeal

---

[3] Appellant does not claim that he was entitled to immunity under Section 780-113.7(a)(1). *See* Appellant's Brief at 4 and 8-11. We note it is uncontradicted that Appellant did not "transport[ the Overdose Victim] to a law enforcement agency, a campus security office or a health care facility." *See* 35 P.S. § 780-113.7(a)(1). Therefore, and unquestionably, Section 780-113.7(a)(1) does not apply to this case.

simply reads out the mandatory statutory element of cooperation and – in contravention of the plain statutory language – Appellant argues the immunity statute does not require cooperation with the police. Appellant's Brief at 10. Appellant's argument ignores the plain statutory language of Section 780-113.7(a)(2)(ii) and, thus, immediately fails.

Further, we note that, in the case at bar, the evidence is clear that Appellant did not cooperate with Corporal Kovalewski. As the trial court cogently explained:

> [Appellant] did not cooperate with police by providing information relative to the events surrounding the overdose. Rather, [Appellant] claimed to know nothing about it. Moreover, he attempted to leave the scene of the event and would have driven over the [Overdose Victim] had [Corporal Kovalewski] not stopped the vehicle.
>
> . . .
>
> [In addition, during trial, Appellant testified that, as he pulled the Overdose Victim] out of the vehicle, he saw that she had a needle in her arm and an empty baggie in her lap. [Appellant testified that he] assumed that she overdosed on heroin because she had just gotten out of "rehab." As he pulled the [Overdose Victim] out of the vehicle, [Appellant] claimed that the needle fell from her arm and the baggie fell to the ground. [Appellant] picked both up and put them in his pocket[,] but did not tell the officers at the scene about . . . the drugs, [the Overdose Victim] having likely overdosed on heroin, [or] . . . the needle. . . .
>
> [Thus,] although [Appellant] claimed at the scene to know nothing about the overdose, the evidence established that [Appellant] was well aware of the drug that had been used by the [Overdose Victim,] lied about what had happened to her and what his involvement had been[,] hid evidence of the use of the heroin by [the Overdose Victim] prior to police arrival[, and almost drove a car over the Overdose Victim

while Corporal Kovalewski was attempting to give the victim aid].

Trial Court Opinion, 10/11/18, at 5-6.

In this appeal, Appellant does not claim that the trial court's factual determinations were incorrect or that, despite the trial court's factual findings, the trial court erred in failing to find that he cooperated with the authorities. *See* Appellant's Brief at 8-11. Instead, Appellant simply argues that the immunity statute does not require his cooperation with the police. *Id.* at 10. As noted above, Appellant's argument disregards the plain statutory language of Section 780-113.7(a)(2)(ii) and, thus, fails. Moreover, since the evidence demonstrates that Appellant did not cooperate with the police, Appellant was not entitled to immunity in this case. Appellant's claim to the contrary fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2019

- 8 -