J-A29044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN PAUL BAKER | : | |
| | : | |
| Appellant | : | No. 598 WDA 2025 |

Appeal from the Judgment of Sentence Entered April 17, 2025
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000698-2023

BEFORE: OLSON, J., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: June 16, 2026**

Steven Paul Baker (hereinafter, Appellant), appeals from the aggregate judgment of sentence of 15 to 30 years' incarceration followed by three years of probation, imposed after his jury trial resulted in convictions for, *inter alia*, rape of a child.[1] Appellant challenges his conviction under the *corpus delicti* rule. After careful review, we are constrained to vacate Appellant's conviction and remand for a new trial.

This case concerns Appellant's treatment of his young daughter, A.B., who was six years of age at the time of trial. Prior to trial, the trial court conducted a colloquy of A.B. During this testimony, the trial court ruled A.B.

---

[1] Appellant was convicted of one count each of Rape of a Child (18 Pa.C.S. § 3121(c)), Involuntary Deviate Sexual Intercourse with a Child (18 Pa.C.S. § 3123(b)), Sexual Assault (18 Pa.C.S. § 3124.1), Indecent Assault of a Person less than 13 (18 Pa.C.S. § 3126(a)(7)), Statutory Sexual Assault (18 Pa.C.S. § 3122.1(b)), and Incest of Minor (18 Pa.C.S. § 4302(b)(1)).

to be competent to testify, but then found her to be "unavailable" because she failed to answer any questions specific to the allegations made against her father. N.T. Jury Trial, Day 1, 11/21/24 at 42, 69.

The next trial witness was K.B., the child's mother. Over objections by defense counsel, K.B. testified that her daughter told her in March 2023, when she was about 5 years old, that "Daddy touched her and … used his hand and a banana" on her private parts. *Id.* at 72-74. K.B.'s mother, the victim's grandmother, also testified, stating that A.B. had told her approximately three or four times that her father "touched her buttocks and her vagina. And it hurt." *Id.* at 83.

A.B.'s teacher, Angela Manookian, testified over defense objection. Ms. Manookian testified that she was serving bananas cut in half to the classroom when one of the children said that their banana was slimy. *Id.* at 89. The teacher asked the group, "What else is slimy and slippery?" and A.B. stood up and said that "her daddy touches her and … she does not like it and he will go to jail if he touches her again." *Id.* A.B. pointed to the area between her legs to demonstrate. *Id.* at 90. Ms. Manookian then made a report to authorities.

The Commonwealth also elicited testimony from Patsy Williams, the mother of K.B.'s boyfriend, that A.B. had told her that "her dad had touched [her] pee pee." *Id.* at 93. Patsy's husband, Thomas Williams, confirmed that during a ride in their car, A.B. stated that her daddy was touching her inappropriately. *Id.* at 99.

The next witness was Bert Ianson, who worked for McKean County Children and Youth. *Id.* at 101-02. After defense counsel asked for an offer of proof regarding his testimony, the prosecutor stated: "The defendant admitted to sexually assaulting his daughter." *Id.* at 101. Counsel then objected based upon the *corpus delicti* rule:

[Defense Counsel]: We're going to make a *corpus delicti* argument on any statement that [Appellant] made, he gave very specific admissions about oral intercourse when she was a baby, an infant …. There is no testimonial statement that will establish anything other than potentially an indecent assault. There is no testimony on this record that will be independent of this statement that will establish anything other than potentially an indecent assault. So we are going to be arguing that *corpus delicti* will prevent anything related to his admissions or anything beyond what's been presented by a witness in this courtroom.

[The Commonwealth]: He comes in under closely related. There's a bunch of case law like a similar type crime. Now if he had made an admission to stabbing her and everything was pointing to, I don't know, tickling her feet that doesn't come in. But sexual offenses are in the same general category it would come in under that.

THE COURT: The objection is overruled.

*Id.* at 101-02 (some formatting altered).

Thereafter, Mr. Ianson was permitted to testify that, after being read his rights, Appellant agreed to speak to him without having an attorney present and provided a statement. *Id.* at 103-04. Mr. Ianson testified that Appellant told him that, "when [the child] was approximately four months old[,] he ejaculated in her mouth." *Id.* at 104. Defense counsel renewed his prior objection based upon the *corpus delicti* rule. *Id.*

Trooper Kevin Kearney interviewed Appellant, and a video of his interview was introduced into evidence and played for the jury. *Id.* at 110-11.[2] The video records Appellant's confession to sexually abusing his daughter when she was a baby, confirming Mr. Ianson's testimony.

Sheriff Daniel J. Woods, who is also the Warden of the McKean County Jail, testified about recordings of phone calls made by Appellant from the jail, which were introduced into evidence as Commonwealth Exhibit 3. In these calls made by Appellant to his father and his mother, Appellant confesses to committing a sexual offense against his daughter when she was an infant. *See* Commonwealth Exhibit 3.[3]

The final witness was Trooper Joel Miles, who was present with Trooper Kearney for Appellant's statement. Trooper Miles testified about a diagram that Appellant drew during his confession, explaining how he had his baby

---

[2] Unfortunately, the video clips played by the Commonwealth, and introduced collectively as Commonwealth Exhibit 2, were not transcribed in the Notes of Testimony. However, the certified record on appeal includes the Commonwealth exhibits, which we were able to independently review. Further, no party has challenged the contents or authenticity of these exhibits. Thus, the omission of the transcription of the clips in the notes of testimony does not hamper our review. We remind counsel, however, that it is an appellant's "responsibility to provide a complete certified record on appeal." *In re J.F.*, 27 A.3d 1017, 1024 n.10 (Pa. Super. 2011) (citations and quotation marks omitted); *see also* Pa.R.A.P. 1921, Note (stating that the "[u]ltimate responsibility for a complete record rests with the party raising an issue that requires [the] appellate court access to record materials" (citation omitted)).

[3] While also not transcribed, Commonwealth Exhibit 3 was included in the certified record and was thus reviewed by this Court.

daughter perform oral sex on him. N.T., *supra*, at 116. The diagram was published to the jury. **Id.** at 117.

The jury found Appellant guilty of all six charges that he faced, all of which were related to the acts that Appellant admitted to committing on his infant daughter in his statements. N.T. Jury Trial Day 2, 11/22/24, at 26. Thereafter, the court imposed an aggregate sentence of 15 to 30 years of incarceration, followed by three years of consecutive probation. N.T. Sentence Hearing, 4/17/25, at 9. Appellant was also deemed a Tier 3 sexual offender and required to register as such for his lifetime. **Id.** at 10. While Appellant did not file post-verdict motions, he filed a timely notice of appeal to this Court on May 15, 2025. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues in this appeal, which we have reordered for ease of disposition:

> (1) Was sufficient evidence presented at the time of trial to sustain a conviction for the offenses of Rape of a Child, Involuntary Deviate Sexual Intercourse, Sexual Assault, Indecent Sexual Assault, Statutory Sexual Assault, and Incest of a Minor?
>
> (2) Did the trial [c]ourt err in admitting statements of [Appellant] at the time of trial, when there was no independent evidence of the crimes charged outside of [Appellant's] admissions?

Brief for Appellant at 5.

*Sufficiency Claims*

Appellant first challenges the sufficiency of the evidence presented for his convictions. Our standard of review for a claim challenging the sufficiency of the evidence is well-established:

> Because a determination of the sufficiency of the evidence presents a question of law, our standard of review is *de novo* and our scope of review is plenary. Further, we analyze this issue under the following guidelines:
>
>> When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed.

**Commonwealth v. Henck**, 342 A.3d 726, 731–32 (Pa. Super. 2025)

(internal citations and quotation marks omitted). Further,

> It is the job of the fact-finder to pass upon "the credibility of witnesses and the weight of the evidence produced," and the fact-finder "is free to believe all, part or none of the evidence." [**Commonwealth v. Brockman**, 167 A.3d 29, 38 (Pa. Super. 2017)] (citation omitted). **"Whether evidence was properly admitted does not factor into our analysis, as sufficiency is not determined upon a diminished record."** **Commonwealth v. Bowens**, 265 A.3d 730, 741 (Pa. Super. 2021) (*en banc*) (emphasis in original).

*Commonwealth v. Reyes*, 350 A.3d 988, 997–98 (Pa. Super. 2025), *reargument denied* (Mar. 2, 2026) (emphasis added). **See also Commonwealth v. Haynes**, 116 A.3d 640, 656 (Pa. Super. 2015) ("Generally, when reviewing the sufficiency of the evidence, this Court must consider all the evidence from trial, "even improperly-admitted evidence.") **and Commonwealth v. Smith**, 568 A.2d 600, 603 (Pa. 1989) (noting the long-standing principle that "The question of sufficiency is not assessed upon a diminished record.") (citing cases).

Appellant maintains throughout his Brief to this Court that, if his confession is not considered because of the *corpus delicti* issue, the evidence is insufficient and he should be discharged. However, that is not an accurate statement of the law. As our Supreme Court has instructed: "Where improperly admitted evidence has been allowed to be considered by the jury, its subsequent deletion does not justify a finding of insufficient evidence. The remedy in such a case is the grant of a new trial." **Smith, supra**. We thus consider the sufficiency of the evidence herein.

Appellant was first convicted of rape of a child, which is set forth in 18 Pa.C.S. § 3121(c) as follows: "A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." There are two main elements contained in the definition of rape of a child: (1) engaging in sexual intercourse, (2) with a person under the age of 13. 18 Pa.C.S. § 3121(c). **Commonwealth v. Hacker**, 15 A.3d 333, 335–36 (Pa. 2011).

- 7 -

Appellant's confession to committing oral sex with his infant daughter is sufficient to support this conviction. *See* 18 Pa.C.S. § 3101 (Definitions) (defining "sexual intercourse" as including intercourse by mouth, with some penetration however slight). Again, despite Appellant's arguments to the contrary, we do not consider sufficiency claims on a diminished record. **Reyes**, **supra**.

Appellant was also convicted of involuntary deviate sexual intercourse with a child under 18 Pa.C.S. § 3123(b). This section of the Crimes Code provides: "A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age." **Id.** Deviate sexual intercourse includes sex "per os or per anus." 18 Pa.C.S. § 3101. Again, there was proof at trial of Appellant having sex using the child's mouth, which supports this conviction. **See Commonwealth v. Martin**, 323 A.3d 807, 819-20 (Pa. Super. 2024) (finding evidence sufficient for this offense where the victim, aged 7 or 8, testified that the defendant would make her perform oral sex on him).

Appellant was also convicted of sexual assault under 18 Pa.C.S. § 3124.1, which the Crimes Code defines as: "Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." He was also convicted of

indecent assault under 18 Pa.C.S. § 3126(a)(7): "A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and … (7) the complainant is less than 13 years of age." We have no hesitation in concluding that both of these sections have been established herein, as the infant could not consent to having sexual contact with Appellant. *See* *Commonwealth v. Cramer*, 195 A.3d 594, 602 (Pa. Super. 2018) (finding that sexual assault and indecent assault were both established by the victim's testimony about a lack of consent).

Appellant was also convicted of statutory sexual assault under 18 Pa.C.S. § 3122.1(b). This crime is based upon the respective ages of the victims and their assailants: "A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S. § 3122.1. This needs no protracted discussion – Appellant was more than 11 years older than the infant and was not married to her when the oral sex occurred. The evidence is sufficient here.

Appellant's final conviction was for one count of incest of a minor, 18 Pa.C.S. 4301(b)(1). Under this provision of the Code, "[a] person is guilty of incest of a minor, a felony of the second degree, if that person knowingly

marries, cohabits with or has sexual intercourse with a complainant who is an ancestor or descendant, a brother or sister of the whole or half blood or an uncle, aunt, nephew or niece of the whole blood and: (1) is under the age of 13 years[.]"  18 Pa.C.S. § 4302(b)(1).  The trial evidence here established that Appellant had sexual intercourse with his descendant, his infant daughter. This conviction, like the others, is based upon sufficient evidence, after considering the record as a whole pursuant to our standard of review.

*Corpus Delicti issue*

Finding the evidence sufficient, we turn to Appellant's next issue, which implicates the *corpus delicti* rule.  "The *corpus delicti* rule is an evidentiary one.  On a challenge to a trial court's evidentiary ruling, our standard of review is one of deference."  **Commonwealth v. Herb**, 852 A.2d 356, 362–63 (Pa. Super. 2004)(citation omitted).

> The *corpus delicti* rule involves the admissibility of evidence, which we review for an abuse of discretion.  The *corpus delicti* rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted.  The Commonwealth need not prove the existence of a crime beyond a reasonable doubt as an element in establishing the *corpus delicti* of a crime, but the evidence must be more consistent with a crime than with an accident.  The *corpus delicti*, or "body of the crime," may be proven by circumstantial evidence.

**Commonwealth v. Murray**, 174 A.3d 1147, 1154 (Pa. Super. 2017) (some formatting altered; internal citations and quotation marks omitted). Importantly, we note that an "abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the

exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will, or partiality, as shown by the evidence or the record." ***Commonwealth v. Bullock***, 170 A.3d 1109, 1117 (Pa. Super. 2017) (citation omitted).

> The principle behind this rule is well established:
>
> [I]n any criminal case, a conviction may not be based upon the extrajudicial confession [or statement] of the accused unless it is corroborated by independent evidence establishing the *corpus delicti*. This rule is rooted in the hesitancy to convict a person of a crime solely on the basis of that person's statements.

***Id.*** (citations omitted). As the Pennsylvania Supreme Court has explained, "the rule seeks to ensure that the Commonwealth has established the occurrence of a crime before introducing the statements or confessions of the accused to demonstrate that the accused committed the crime." ***Commonwealth v. Taylor***, 831 A.2d 587, 590 (Pa. 2003) (citation omitted).

Moreover, we note that the *corpus delicti* must be established at trial by following a two-step process. The first step involves the trial court's admission of the statements, and the second step involves the fact-finder's ultimate consideration of those statements:

> (1) In the first phase, the court determines whether the Commonwealth has proven the *corpus delicti* of the crimes charged by a preponderance of the evidence. If so, the confession or extrajudicial statement of the defendant is admissible;
>
> (2) In the second phase, the rule requires that the Commonwealth prove the *corpus delicti* to the fact[-]finder's satisfaction beyond a reasonable doubt before the fact[-]finder is permitted to consider the confession or extrajudicial statement in assessing the defendant's innocence or guilt.

- 11 -

***Bullock,*** 170 A.3d at 1118 (citations and internal quotation marks omitted).

Appellant avers that the Commonwealth failed to present any independent evidence, outside of Appellant's confession, of the crimes for which Appellant was convicted. As previously noted, the Commonwealth declined to charge Appellant with offenses related to the child's disclosures about events occurring when she was five years old, and instead only charged Appellant with the crimes that occurred years before, when A.B. was an infant; at each count in the Information filed in this case the victim is listed as "female juvenile under the age of 1." Information, filed 1/17/24. Thus, the Commonwealth's burden before Appellant's statement was admissible at trial was to establish some facts relating to the assault on the infant by a preponderance of the evidence. Despite this requirement, the Commonwealth failed to offer ***any*** evidence or testimony regarding Appellant's sexual violation of A.B. when she was an infant other than Appellant's confession.

In addressing Appellant's claim, the trial court opined:

[Appellant] ***is not asserting*** that the court erred in admitting the prior statements of A.B. to 1) her mother, [K.B.]; 2) Angela Manookian, her teacher; and, 3) …Patsy Williams and Thomas Williams under the Tender Years Hearsay Act, 42 Pa.C.S. § 5985.1. Even if there was an assertion of error regarding the admission of these statements, it would lack merit….

The evidence of touching and sexual assault, that A.B. told her mother, her teacher, and family members about, is "closely related" to the crimes that [Appellant] was convicted of and which he described in his recorded statement. "The relationship between the crimes is sufficiently close so as to ensure that the purpose underlying the *corpus delicti* rule, i.e., to prevent conviction where no crime has occurred." ***Commonwealth v. Dupre***, 866 A.2d 1089, 1098-99 (Pa. Super. 2005). All assertions

- 12 -

involve the same victim, A.B. All involve [Appellant] taking advantage of his parental duties and authority to isolate and victimize A.B. All involve the touching of A.B. by [Appellant]. This interrelationship is also reflected by [Appellant's] reaction and comments when interviewed. When he was asked if he had sexually assaulted A.B., he did not respond that he didn't know her, or, that the assertion was outrageous. He knew who she was, he described his relationship with her and, although he denied the more recent allegations, he fully disclosed what he had done to her when she was an infant. He recognized that all the allegations were very interconnected and, therefore, he needed to explain exactly what he had and had not done. Although the crimes that [Appellant] was convicted of did not directly result from the statements made by A.B. when she was five years old, because those statements are part of the record and they are substantive evidence of a crime, and, because the relationship between the crimes is sufficiently close so as to ensure that the purpose underlying the *corpus delicti* rule, [Appellant's] admission was properly admitted and [Appellant] should be denied relief on appeal.

Trial Court Opinion, 6/17/25, at 6-7.

We agree with the trial court that the "closely related crimes" exception to the *corpus delicti* rule may be implicated here, although we disagree with the court's ultimate analysis of the issue. To reiterate, this exception provides, "where a defendant's confession relates to **separate crimes with which he is charged**, and where independent evidence establishes the *corpus delicti* of only one of those crimes, the confession may be admissible as evidence of the commission of the other crimes." *Commonwealth v. Dupre*, 866 A.2d 1089, 1099 (Pa. Super. 2005) (emphasis added) (citing *Commonwealth v. Fears*, 836 A.2d 52, 67 (Pa. 2003)). "The historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed." *Id.*

- 13 -

Here, the closely related crimes exception does not apply because the Commonwealth failed to establish the *corpus* of any crime arising from the same criminal episode as the offenses to which Appellant confessed. In other words, the Commonwealth did not charge Appellant with any of the alleged "closely related crimes," all of which occurred more than four years after the crimes to which Appellant confessed. The facts of the two events are wholly unrelated. Because this was not the same criminal episode, A.B.'s statements cannot supply the *corpus delicti* which would permit admission of Appellant's confession. Again, the closely related crimes exception applies only where independent evidence establishes that at least one crime occurred **during the same criminal transaction** as the crime described in the confession. **See Taylor**, 831 A.2d at 594-96; **Fears**, 836 A.2d at 67. The rationale underlying the exception is that proof that one crime occurred during a single criminal episode provides sufficient assurance that the related confessed crimes were not fabricated. **Taylor**, **supra**. That rationale is absent here.

This decision does not announce a new limitation on the *corpus delicti* rule or the closely related crimes exception. Pennsylvania courts have applied the closely related crimes exception only where the crimes occurred during a continuous course of conduct or during the same criminal incident. *See* **Fears**, **supra** (sexual assault and murder occurring within minutes); **Bardo**, **supra** (sexual assault and homicide occurring simultaneously); **Taylor, supra** (kidnapping, robbery, and homicide arising from one continuous criminal

- 14 -

episode). There can be no claim here that the trial evidence involved a continuous course of conduct, or encompassed one criminal incident.

One case where the *corpus delicti* was properly established is ***Commonwealth v. Taylor***, 831 A.2d 587, 594 (Pa. 2003). Therein, our Supreme Court discussed both *corpus delicti* and the closely related crimes exception. The defendant in ***Taylor*** was charged with kidnapping, robbery, conspiracy, and involuntary manslaughter after he and his companions robbed a jitney driver, forced him into the trunk of his car, and shot him in the head. ***Id.*** at 588. Taylor confessed to his role in the incident, stating that he was present for the robbery and helped to force the driver into his trunk. ***Id.*** However, his compatriots had dropped Taylor off before driving to a baseball field where they killed the driver; Taylor told police that he knew his partners were going to kill the driver because they had previously robbed a different jitney driver, forced him into the trunk of his car, and killed him. ***Id.***

After his conviction, Taylor filed a PCRA petition[4] asserting counsel's ineffectiveness for failing to challenge the trial court's decision to admit his confession to robbery and kidnapping under the *corpus delicti* rule. ***Id.*** at 590. Taylor argued that the Commonwealth had only proven the *corpus* of the homicide charge, and, thus, because the robbery, conspiracy, and kidnapping charges contained different elements from the homicide charge, his confession was not admissible under the *corpus delicti* rule. ***Id.***

---

[4] Post Conviction Relief Act, 42 Pa.C.S. § 9541-9546.

- 15 -

Our Supreme Court rejected that argument, however: **Taylor** conclusively established that there need not be common elements between the crimes charged for the closely related crimes exception to apply. **Id.** at 594. Instead, the proper test for admission is whether "the relationship between the crimes [is] sufficiently close" so as to avoid admitting a confession for a crime that did not occur. **Id.** While having an element in common is some evidence of a relationship between the crimes, it is not a prerequisite to finding a "sufficiently close relationship" to permit admission of the confession. **Id.**

Under this analysis, Taylor was unable to establish a *corpus delicti* violation because the Commonwealth had provided evidence of the homicide, and the homicide, robbery, conspiracy, and kidnapping offenses were all closely related. Specifically: "there was one continuing incident occurring at roughly the same time, and the victim of each crime was the same." **Id.** at 596. Because of this, the Court found no danger that a conviction would result where no crime was committed. However, in the case at bar, the two separate events (one occurring when A.B. was an infant, the other occurring years later) are not part of one continuing incident.

The Commonwealth argues that Appellant failed to object to the evidence from A.B., her mother, grandparents, and teacher, and that Appellant ignores that evidence now. Specifically, the Commonwealth maintains: "The [statements made by A.B. to the other witnesses], being found to be admissible, are evidence just like any other evidence and,

therefore, there was evidence other than the defendant's confessions." Commonwealth's Brief at 3. But this argument misses the point – the statements made by A.B. did not involve the earlier infant-related crimes. While the Commonwealth claims that the child's testimony somehow proves that the earlier incident which took place when she was an infant occurred, nothing ties testimony about redness on A.B.'s buttocks or slimy bananas to the oral assault on A.B. when she was an infant. We do not diminish the severity of those crimes—but we reiterate that the Commonwealth declined to charge any of those later crimes and, as such, they are not "closely related" to crimes occurring approximately four years before. Some proof of the incident that occurred when A.B. was an infant was needed before Appellant's confession, which only involved the incident involving the infant, was admissible. The Commonwealth did not provide that proof. Thus, under the *corpus delicti* rule, Appellant's confession was not admissible.

Importantly, permitting admission of Appellant's confession under these circumstances would undermine the very purpose of the *corpus delicti* rule. The Commonwealth presented no physical evidence, no eyewitness testimony, and no contemporaneous reports concerning the alleged abuse of A.B. when she was an infant. The general similarity of offenses alone – and the only factual similarity is that both incidents involved the same Chapter of the Crimes Code - is insufficient to establish that crimes are "closely related" for purposes of the *corpus delicti* exception. Absent Appellant's confession, there was no evidence that the charged crimes ever occurred.

Because the Commonwealth failed to present independent evidence establishing that the crimes described in Appellant's confession occurred, and because the alleged later conduct was not sufficiently related to the earlier events to constitute a continuing course of conduct or to show that they occurred during the same criminal incident, the trial court abused its discretion and committed legal error in admitting Appellant's confession into evidence at trial.[5]  Accordingly, we must remand this case for a new trial.

Judgment of sentence vacated.  Case remanded for a new trial consistent with this memorandum.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  6/16/2026

_____

[5] Had the Commonwealth charged Appellant with any offense related to the recent allegations of touching A.B.'s buttocks and vagina with his hands or a banana, the closely related crimes exception may have applied herein. However, the charges Appellant faced only concern the incident that occurred when A.B. was an infant; as such, the crimes are not temporally connected or part of a common criminal episode.  The failure to charge the latter offenses mandates our result here.